## KELLY v. BOARD OF COUNTY COMMISSIONERS.

(No. 852; Decided October 3rd, 1916; 159 Pac. 1086.)

ARBITRATION AND AWARD—ROADS AND HIGHWAYS—ESTABLISHMENT
OF PUBLIC ROAD—DAMAGES FOR RIGHT OF WAY—STATUTORY REM-
EDY— COUNTY ATTORNEY — DEEDS — CONSTITUTIONAL LAW — DUE
PROCESS OF LAW—COUNTIES—EVIDENCE.

1. Compiled Statutes 1910, Sections 2524-2531, provide a special
   and exclusive method for the assessment of damages for
   property taken in the laying out and establishment of a
   public road.
2. Where the title to a right of way for a public road was ac-
   quired by proceedings to locate the road, and an oppor-
   tunity was given to the owner to present his claim for
   damages in the manner prescribed by statute, his property
   was not taken without due process of law.
3. In an action based upon an award of arbitrators, and upon
   a general allegation of damages caused by the location of
   a public road, evidence held insufficient to show that the
   County Board authorized the arbitration agreement, or
   ratified it, or that the deed executed by the plaintiff when
   the arbitration agreement was made conveying a right of
   way for the road, was ever delivered to, or accepted by
   the county.
4. In an action for damages for the location of a county road
   over plaintiff's land, the evidence being conflicting and
   sufficient to sustain the judgment for defendant, it will not
   be disturbed.

ERROR to the District Court, Big Horn County; HON.
CHARLES E. WINTER, Judge.

Action by Patrick Kelly against the Board of the County
Commissioners of Big Horn County, Wyoming, for dam-
ages in the establishment of a public road.

Judgment for defendant and plaintiff brings error.

W. L. Walls and C. A. Zaring, for plaintiff in error.

Plaintiff was deprived of his property without due pro-
cess of law. (Const., Art. I, Sec. 6.) Plaintiff's property
was taken for public road purposes without compensation
and he is entitled to damages at least in the amount agreed
upon. Conceding that the county attorney was without au-
thority to bind the county by an agreement of arbitration,

the county having taken and appropriated plaintiff's property was estopped from denying to plaintiff the right of compensation. The county cannot avail itself of any irregularity in arriving at the value of plaintiff's property; the county ratified the compensation agreement made by its agent, Metz, and cannot deny the obligation created thereby and retain the benefits of the agreement. (A. & E. Ency., 2nd Ed., 1196-1202.) The evidence clearly established the right of the land taken.

*W. S. Collins* and *E. E. Lonabaugh,* for defendant in error.

Plaintiff's petition does not state a cause of action; plaintiff failed to present a claim for damages within the time fixed in the published notice and therefore waived damages. (Sec. 2526, Comp. Stats. 1910.) The alleged arbitration agreement is void and of no effect whatever. Individual members of the county board are not authorized to allow claims against the county; the board can only act at a meeting of the board and in session. (G. I. & N. Wyo. Ry. Co. v. Baker, 6 Wyo. 369.) Persons dealing with a board are bound to know the extent of its powers. (McCurdy v. Shiawashee County, 118 N. W. 625.) A county is not estopped by the enforced acts of its officers. (Harrison County v. Ogden, 110 N. W. 32; State v. Hindson, 120 Pac. 485.) A board must follow the statutes; (Morse v. Granite Co., 119 Pac. 286) ; and can exercise only such powers as are expressly inferred. (Treadwell v. Hancock Co., 11 Ohio St. 183; Jefferson Co. v. Grafton, 20 So. Rep. 247; People v. Van Gaskin, 6 Pac. 30; Am. & Eng. Ency. of Law (1st Ed.) 375-379.) Or as are clearly implied to carry out the objects and purposes of its creation. (Modoc Co. v. Spencer, 37 Pac. 483; Cook Co. v. Gilbert, 33 N. E. 761; Jefferson Co. v. Grafton, 27 So. Rt. 247.) And can act only when convening in legal session. (Wightman v. Karsner, 20 Ala. 446; People v. Harrington, 63 Cal. 257; People v. Lathrop, 3 Colo. 428; Martin v. Towsend, 32 Fla. 318; Ottawa v. LaSalle Co., 11 Ill. 654; Cumberland Co. v. Webster, 53

Ill. 141; Benton v. McDonald Co., 84 Ill. 384; Wheeler v. Wayne Co., 31 Ill. App. 299; Potts, v. Henderson, 2 Ind. 327; Fayette Co. v. Chetwood, 8 Ind. 504; Loesnity v. Seelinger, 127 Ind. 422; 26 N. E. 887, 25 N. E. 1037; Archer v. Allen Co., 3 Black (Ind.) 501; Jordan v. Osceola Co., 59 Iowa 388 (13 N. W. 344); Rice v. Plymouth Co., 43 Iowa 136; Paola &c.. R. Co. v. Anderson Co., 16 Kans. 302; Anderson Co. v. Paola &c. R. Co., 20 Kans. 534; Reed v. Scituate, 5 Allen (Mass.) 120; Joslyn v. Franklin Co., 15 Gray (Mass.) 567; Plymouth v. Plymouth Co., 16 Gray (Mass.) 341; Crimp v. Colfax Co., 52 Miss 107; Morris v. Merrell, 44 Neb. 423 (62 N. W. 865); Inavale Tp. v. Bailey, 35 Neb. 453 (53 N. W. 465); Merrick Co. v. Batty, 10 Neb. 176 (4 N. W. 959); People v. Schenectady Co., 35 Barb. (N. Y.) 408; Motter v. Pittsburg, 56 How. Pr. (N. Y. S. C.) 290; Van Antwerp v. Kelly, 50 Hun (N. Y.) 513; Cleveland Co. v. Seawell, 3 Okla. 281 (41 P. 592); Pike Co. v. Rowland, 94 Pa. St. 238; Ezell v. Justices, 3 Head (Tenn.) 583; District School Trs. v. Wemberly, 21 S. W. 49, 2 Tex. Cir. App. 404; Oconto Co. v. Hall, 47 Wis. 208 (2 N. W. 291); Hamilton Co. v. Webb, 47 Kan. 104; 27 P. 825.) Its powers cannot be delegated to others. (Scollay v. Butte Co., 7 Pac. 661; People v. St. Clair Co., 15 Mich. 85; Mansel v. Nicely, 175 Pa. St. 367; Miller v. Emtree, 88 Ind. 133; Losscan v. Harris Co., 58 Tex. 511; People v. St. Lawrence Co., 25 Hun (N. Y.) 131.) Where a record is required it is evidence of their acts. (Polly v. Hopkins, 11 S. W. 1084.) A contract cannot be shown by the separate assent of an individual member. (Eigeman v. Posey Co., 82 Ind. 413.) The powers of a board to contract are limited by statute. (Sexton v. Cook Co., 28 N. E. 608; Kelly v. Hide, 20 Cal. 594; Smith v. Los Angeles Co., 34 Pac. 439; Franklin Co. v. Layman, 33 N. E. 1094; Henry Co. v. Gillies, 38 N. E. 40; Tippicanoe Co. v. Barnes, 24 N. E. 137; Lee v. Huntington Co., 24 N. E. 986; State v. Saline Co., 27 N. W. 122; State v. Lancaster Co., 30 N. W. 538; Hide v. Ken-

oxh Co., 43 Wis. 129.)   The arbitration agreement was excessive, unfair, prejudiced and signed by but two. arbitrators.   The arbitration was not statutory; no bond was given.   (Sections 4929, 4939, Comp. Stats. 1910.)   All the arbitrators must join in the award in the absence of a statute to the contrary.   (2 Ency. of Law, Page 643 (2nd Ed.)   The evidence as to damages, even if damages were recoverable in this action, is conflicting and the judgment should not be disturbed.   (Albany Bldg. Assn. v. City of Laramie, 10 Wyo. 54; O'Brien v. Clark, 4 Wyo. 443; Wyman v. Quayle, 9 Wyo. 326; Ketchum v. Davis, 3 Wyo. 164; Hester v. Smith, 5 Wyo. 291; Conway v. Smith Merc. Co., 6 Wyo. 468; Columbia Min. Co. v. Duchess M. Co., 13 Wyo. 244; Slothower v. Hunter, 15 Wyo. 189; Riordan v. Horton, 16 Wyo. 363.)

Scott, Justice.

This proceeding in error is to reverse and vacate that certain judgment made and entered in the District Court of Big Horn county in favor of the county, defendant there and defendant in error here, wherein the court failed to assess and award damages to the plaintiff there and plaintiff in error here in a specified sum alleged to be the value of a certain right of way for a public road over and across his premises.   The case was tried to the court without the intervention of a jury and judgment was rendered in favor of the defendants and the plaintiff brings error.

1.   The evidence tends to show that before the case was commenced a question had arisen between the parties hereto with reference to the value of the proposed right of way across and over the N. E. ¼ of the S. W. ¼, and the N. W. ¼ of the S. E. ¼ of section 17, Township 52 N. of Range 104.   On May 16, 1910, the county and prosecuting attorney of Big Horn county without precedent authority and Patrick Kelly, as administrator, attempted to agree upon a method of settlement for a right of way and interest thereon at eight per cent. per annum from the date of such agreement, in words and figures, as follows:

"This agreement made and entered into this 16th day of May A. D. 1910 by and between the Board of County Commissioners of the County of Big Horn Wyoming, party of the First part and Patrick Kelly, as Administrator of the estate of Mary Kelly deceased, party of the second part:

"Witnesseth:—That whereas Patrick Kelly as administrator of the estate of Mary Kelly, deceased is the owner of and has a legal estate in the following described real estate, in Big Horn County, Wyoming, as follows, to-wit:—Northeast quarter of Southwest quarter of Section Seventeen, Township Fifty-two (52) N. R. 104 W. N.W.¼ S.E.¼-17-52-104W.

"And whereas the party of the first part wished to obtain from the party of the second part a right of way over and across said land for a public road, as now surveyed and platted as per map of U. S. R. S. now on file in the office of the County Clerk of said county and marked map S-891 and S-1093 and in accordance with the plat and survey hereto attached and made a part hereof.

"Now therefore it is agreed by and between the parties hereto.

"1st—The party of the second part now and here delivers to the party of the first part a quit claim deed for the right of way surveyed, platted and as mentioned in the above agreement and the plat and map S-891 as above mentioned and as shown in said deed.

"2nd—The party of the first part agrees to pay to said party of the second part, for said right of way as conveyed a sum or sums of money, if any may be found to be due and payable by the award of the arbitrators hereinafter set forth.

"3rd.—It is mutually agreed and determined by the parties hereto, that for the purpose of fixing and determining the cash value of the lands required for said right of way, for damages sustained by reason thereof and for any other damages in any manner sustained by the party of the second part, or his heirs by reason by said right of way, there shall

be appointed a board of arbitration, consisting of three free holders, of the County of Big Hon, Wyoming, in the manner following:

"The party of the first part to select one person, the party of the second part to select one person, and those two persons so selected shall select a third person, which said board shall within three days after being thus selected meet together at some convenient place upon the land above described over which the right of way passes, and thereupon proceed to view and examine into the matter of damages by reason of said right of way, and thereupon to make an award of their findings under oath of all damages, if any are found, by reason of said premises and to fix and determine the amount thereof. It is further agreed that such finding and award shall be final subject to the right of appeal to the district court by either party hereto.

"It is further agreed that the selection of the two arbitrators shall be made at once upon the signing of this agreement and that at the same time a deed as above mentioned shall be made executed and delivered to said first party, by said second party. Their agents may at once take possession of said right of way for all purposes.

"That said arbitrators shall take into consideration in arriving at their award, the benefits, if any, to said land by reason of the location of said road."

Thereafter the County and Prosecuting Attorney, on his own motion, on or about May 17, 1910, and Patrick Kelly met and selected A. J. Martin and George T. Beck, and they appointed Joseph M. Howell as a third arbitrator. The first and last of the above named persons on view of the property agreed to assess the damages in the sum of $1,500, and having theretofore taken the oath they then made their report and on May 23, 1910, filed it together with said agreement and their report thereon with the board of county commissioners who never allowed or approved but long after rejected a bill based on the said arbitration. Prior thereto and on May 11, 1910, the board of county commissioners

approved and proceeded under Chapter 168 to lay out a road embracing the same ground, upon petition and under different and independnent proceedings and sections of the statute, and having decided to lay out and open the road made publication under Section 2524, Compiled Statutes 1910, and which section reads as follows:

"If the board of the county commissioners shall determine to establish, lay out or alter any road, they shall appoint a day, not less than thirty days after such determination, on or before which day all objections to the establishment, alteration or vacation of the proposed road, and claims for damages by reason thereof, shall be filed with the county clerk," and in said notice prescribed the time, place and manner of publication and giving notice to the parties interested and requiring under Section 2526 that "no objections or claims for damages shall be filed or made after the noon of the day fixed for filing the same, and if no objections or claims for damages are filed, on or before noon of the day fixed for filing the same, they shall be disregarded, and not considered, and shall be deemed to have been waived and barred." Kelly did not appear before the board in any manner to establish his claim other than by filing the award as a claim against the county other than as a claim under the award and which the board rejected. The power to arbitrate the question by Metz was not based upon precedent authority so to do, nor upon an action pending, but upon ratification if at all based upon subsequent conditions. There was no action pending under Section 4928, Compiled Statutes 1910, at the time of the attempt to enforce the award, or prior thereto under Section 4939 which section reads as follows:

"In all cases the party enforcing an award shall produce satisfactory proof to the court of the due execution of the submission or arbitration bond, and that the party neglecting or refusing to obey the award was furnished with a true copy thereof, at least ten days before the term at which the application to enforce the award was made."

Under Section 4928 the right to have arbitration is grant-

ed in all cases where a controversy between the parties exists, except when the title or right to posession of real property are either or both involved. The giving of the bond under Section 4929 by each party may be waived by the parties and the arbitration be proceeded with without such bond. It was so held in Railway Co. v. Burke, et al., 54 O. St. 120, 43 N. E. 282; Connors v. Drake, 1 O. St. 166; Comm'rs. of Montgomery County v. Carey, 1 O. St. 463; Grier v. Canfield, 38 Neb. 175, 56 N. W. 883.

Patrick Kelly was acting in his representative capacity as administrator. There is no showing in the record here of any authority preceding or otherwise granted or attempted to be granted him by the courts having jurisdiction of the probate of the estate to sell and convey an easement or right of way through, over and across any land belonging to the estate of which he was executor. An arbitration and award rests in the submission of the parties, whether such arbitration and award arises in the course of an action or upon agreement or contract of the parties. The former is statutory while the latter is a common law agreement based upon a consideration to submit the subject matter of the award to arbitrators. The ratification of a preliminary agreement to submit a controversy to arbitrators presupposes the existence of a valid agreement so to do; in other words there must be something to ratify else there will be no ratification. A municipal corporation authorizes binding itself to a certain line of conduct in a certain manner. To illustrate, the directors or trustees of the corporation must be in session and organized for business in order to transact or delegate power to transact business for itself. In 10 Cyc., at page 1069, it is said that, "a corporation, like a natural person, may ratify, affirm and validate any contract made or act done in its behalf which it was capable of making or doing in the first instance," but if it had no power to make the contract there can be no ratification. (Id. 1070.) Nor can the officers ratify a contract which they had no power to make. (Id. 1070.) And this is usually done by a board of di-

rectors, or trustees. They may when setting together as a board by a solemn act, such as a resolution or a vote passed and entered upon their records, ratify any contract which they had power to make. Informal and irregular acts may be so ratified, but it must be done by the directors and when acting as such within the realm of their authority. (10 Cyc. at p. 1073.) It will thus be seen that a corporation acts with limited powers and in a certain way. There is no proof here that the board of county commissioners of Big Horn county especially authorized its county and prosecuting attorney to act for it nor is there any proof of ratification. The attorney had a telephone communication with the chairman of the board, but no communication with the commissioners while acting as a board for precedent authority. The statute is special in its nature with reference to the assessment of damage in laying out a road. It provided an easy method of arriving at the damages in such a case and did away with a regular suit for that purpose. Sec. 2526, Comp. Stat. 1910, provides:

"No objections or claims for damages shall be filed or made after the noon of the day fixed for filing the same, and if no objections or claims for damages are filed, on or before noon of the day fixed for filing the same, they shall be disregarded, and not considered, and shall be deemed to have been waived and barred."

Such a statute in my opinion is exclusive, and any attempt of the county to depart from the statute would be *ultra vires*. It was so held in Parat v. Bayonne, 40 N. J. L. 333, 335, and also appears in 39 N. J. L. 559, where it is further said: "The city, by its charter, was authorized to take lands for condemnation under the right of eminent domain. The mode prescribed for appraising the value of lands taken and damages, was by a board of commissioners of assessments, to be appointed by the common council, whose duty it was, not only to appraise the value of the lands taken, but also to make the assessment of the cost of the improvement upon property benefited." In the case before

us the duty of the appraisers who are appointed at the succeeding term after laying out the road to appraise the same is prescribed by Section 2530, Compiled Statutes 1910, which reads as follows:

"The said appraisers shall, within ten days after receiving notice of their appointment, meet at some convenient place, on the line of said proposed or altered road, and take and administer to each other, an oath or affirmation to faithfully and impartially discharge their duties. They shall then view the ground, so far as they shall deem it necessary, and fix the amount of damages sustained by each claimant, after allowing for all benefits that may accrue to each claimant, by reason of the location or alteration of the said proposed road. They, or a majority of them, shall as soon as practicable, after performing their said duties, make a report in writing to the county clerk of their doings, stating that they were so sworn or affirmed as aforesaid, before performing their duties and fixing the amount of damages, if any, sustained by each claimant, after allowing and deducting for benefits, and where they have disallowed claims for damages, they shall so state in their report, and they shall immediately transmit their report, when made, to the county clerk. They shall, whenever they can conveniently do so, notify the claimants or their agents, of the place of their meeting and may hear such evidence as they may deem necessary in determining the amount of damages fixed by them. They are hereby authorized to administer oaths to each other and to such witnesses as they may hear. If any one of them shall fail or refuse to perform his duty, the other two appraisers shall serve and shall appoint a suitable and disinterested elector in his place, who shall be within easy access, and he shall be sworn or affirmed in like manner as the other two appraisers, and the facts of such appointment and qualification shall be stated in said report to the county clerk. The said appraisers shall each receive for his compensation such reasonable sum as the board of county commissioners shall allow." We are therefore of the

opinion that Kelly can take nothing by reason of the alleged contract between himself and Metz.

Something is said in the pleadings about the payment to Kelly by the county of $535 personally and $123 to his wife. Kelly claims that this payment had reference to the right of way upon the school section and not upon land in section seventeen here involved. As there is a dispute as to what this payment was for and the evidence is conflicting we do not consider it necessary to further discuss the purpose of its payments or its final destination. The action is based on an award and in any event called for proof in order to enforce the award in accordance with Section 4939, above quoted. Without such proof the plaintiff could not recover as upon a statutory award. Arbitration and awards under written agreements between the parties are sometimes upheld as agreements though they would fail under the requirements of a statute. It follows that as on an award the action must fail. By the amended petition in the case the plaintiff claimed and alleged damages by reason of the taking of the property independent of the arbitration award, and evidence was introduced on the trial by both parties upon the question of such damages. That evidence is conflicting; the testimony on the part of the defendant being to the effect that the benefits to the land of the plaintiff from the location of the road exceeded the damages, and we think it sufficient to sustain a finding in favor of the defendants as to such damages. Hence upon the theory that the plaintiff might have been entitled to recover damages in this action, notwithstanding his failure to file a claim therefor as prescribed by the statute, but without deciding that the circumstances excused him from filing the claim, or that a recovery might be had in the action upon a proper showing of damages, it is clear that in view of the conflicting evidence the judgment would have to be affirmed upon the issue presented by the general allegation of the petition aforesaid and the denial thereof. The judgment will be affirmed.

POTTER, CHIEF JUSTICE.

As I understand the record in the case there had been some proceedings toward the establishment and location of a road across certain land of the plaintiff and his wife, and the plaintiff had brought a suit to enjoin the construction of the road against the engineer in charge of the construction, alleging that in constructing it the defendant in the suit was departing from the line of the road as laid out by the county commissioners through the plaintiff's lands, and that the commissioners had not paid plaintiff for the road on the line upon which it was being constructed and refused to pay him for the same. That suit was commenced on May 2, 1910, and an order of injunction granted on May 3, 1910. Thereupon the county attorney was directed by the county board to view the proposed road and right of way, and he afterwards filed a report recommending the building of the road on the line being followed by the engineer in constructing it, and that a right of way therefor be secured from Kelly, and stating that the road on the proposed line would be more benefit than damage to Kelly's land. In the meantime, on May 9, 1910, a petition for the location of the road along that line was filed, and at a meeting of the board on May 12, 1910, the report aforesaid of the county attorney was considered, and also said road petition, and an order was entered that notice of the proposed location be published according to law; and upon that petition the road was established and located by proceedings under the statute, the regularity of which does not seem to be questioned here. On May 16, 1910, while the injunction suit was still pending, the county attorney went to Cody for the purpose of reaching a settlement of the case, if possible, and then entered into the arbitration agreement with Kelly. Before making that agreement he had a conversation with the chairman of the county board and told him that there was a chance to settle the Kelly road case and that arbitration had been suggested, and that he had been advised by the government engineer, the defendant in the suit, that work

on the road would stop unless something was done immediately about the Kelly right of way, and he then asked said chairman about the advisability of arbitration, and was told by the latter to go ahead and do whatever he thought best. The county board was not then in session, and the matter of the arbitration and settlement was not brought up or considered at any board meeting, but the only authority of the county attorney in making the agreement and proceeding under it by appointing an arbitrator for the county, was the direction of the chairman as aforesaid to do whatever he thought best.

After the making of the arbitration agreement the arbitrators met and assessed the damages and their report was filed, as stated in the opinion delivered by Justice Scott, but no action was taken by the board thereon. Thus, the road was finally located and established without any action by the county board upon the report of the arbitrators under the arbitration agreement, or without recognizing that agreement in any manner; and the plaintiff filed no claim for damages, as provided by statute, in the proceedings by which said road was established and located. But some time after the final location of the road the plaintiff filed a claim against the county based upon the arbitration award, and that claim was disallowed by the county board. Thereafter the present action was brought also based upon the award, and upon a general allegation of damages caused by the establishment and location of the road, that allegation being as follows: "That the lands so taken and used by said defendant for said county road, together with the damage sustained by said plaintiff by reason of the construction of said road, are of the reasonable value of $1,500.00, and plaintiff further alleges that he has been damaged by said defendant by reason of the construction of said road through his said lands in the sum of $1,500.00, no part of which has been paid."

It appears that the road was to be known as the "Shoshone Reservoir Highway," that the Reclamation Service of

the United States government was interested in the con-
struction of the highway, and that the defendant in the in-
junction suit brought by the plaintiff was an engineer in
that service; and there are some things in the record indi-
cating that the government of the United States was as-
sisting in the construction of the road.

It appears also that on the date that the arbitration agree-
ment was entered into the plaintiff executed a deed convey-
ing a right of way for the road, but we find no competent
evidence in the record showing a delivery of the deed. The
deed is not in the record in this case, but it seems to have
been filed for record and recorded in Big Horn County. It
is contended that the acceptance of the deed constituted a
ratification by the county of the arbitration agreement, and
bound the county to pay the award. But we find nothing in
the evidence to show an acceptance of the deed by the
county or what officer of the county, if any, ever had pos-
session of it or left it with the county clerk to be recorded.
The only item of evidence concerning that matter is an entry
in the Receiving Book kept in the office of the county clerk
showing the receipt of the deed for record, and in the col-
umn headed "From whom received" the words "Big Horn
County." But that is too indefinite, standing alone, to jus-
tify this court in holding that the deed had been delivered
to and accepted by the county, even if an acceptance of the
deed could be held to amount to a ratification of the arbitra-
tion agreement, a question unnecessary, in my opinion, to
decide. A former county clerk, who made the entry, tes-
tified that he had no knowledge or recollection as to who
left the deed for record, but that he would judge from the
entry that it was handed to him by some official of the
county. That testimony, of course, is insufficient to show
that the official who left the deed for record was one au-
thorized to accept it for the county, assuming the correct-
ness of the judgment of the witness that the entry shows
the deed to have been left for record by a county official.

Title to the right of way was acquired by the proceedings

in locating the road, and opportunity was given to the plaintiff to present his claim for damages in the manner provided by statute. It cannot be held, therefore, that plaintiff's property was taken without due process of law, as contended by plaintiff's counsel.

The, county board not having authorized the arbitration agreement, nor ratified it, the agreement cannot be held binding upon the county. Under the general allegation of damages because of the location of the road, if it be conceded that such damages might be recovered in an action of this kind under the circumstances of the case, a question unnecessary to be decided, the evidence is conflicting, and, as stated in the opinion by Justice Scott, it would be sufficient to sustain a finding against the plaintiff and in favor of the county. For these reasons the plaintiff failed to establish a case entitling him to a judgment, and I concur in affirming the judgment in favor of the defendant. Justice Beard concurs in this view of the case.