H K D H OMESITE COMPANY, a Corporation,

*Appellant-Appellant,*

vs.

BOARD OF COUNTY COMMISSIONERS OF LARA-
MIE COUNTY, WYOMING,

*Respondent-Respondent.*

(No. 2525; 240 Pac. (2d) 885; February 19, 1952)

238

For the appellant the cause was submitted upon the brief of Henderson & Thomson of Cheyenne, Wyoming, and oral argument by Harry B. Henderson.

For the respondent the cause was submitted upon the brief of Walter B. Phelan and Teno Roncalio of Cheyenne, Wyoming, and oral argument by Walter B. Phelan.

## OPINION

RINER, Justice.

This cause is before us by direct appeal proceedings from a judgment of the District Court of Laramie County which confirmed and approved an award of damages made by the Board of County Commissioners of said County now respondents here to the H K D Homesite Company, a Corporation, the appealing party herein complaining of the award as made by the respondent. The facts briefly outlined are as follows:

On November 2nd 1949 the Board of County Commissioners aforesaid decided to locate a road to be known as the Cheyenne-Pine Bluffs Road. This proposed road was stated as:

"Commencing at a point on the east corporate limits of the City of Cheyenne, said point being the intersection of the centerlines of Hot Springs Avenue and Fourteenth Street; thence running in an easterly and northeasterly direction for a distance of approximately six and three-fourths miles through sections 33, 34, 27, 26, 25 and 24, in T. 14 N., R. 66 W., and sections 19, 30, 20, 29, 21 and 28, in T. 14 N., R. 65 W., to a point which is 48 feet south of the northeast corner of section 28, T. 14 N., R. 65 W.

"The above road, being embraced within a distance of ten miles of the nearest boundary of the City of Cheyenne, is to be designated as an Access Facility Free Way

as set forth in Chapter 85 of the Session Laws of Wyoming, 1949, in which the same are defined as highways especially designated for through traffic, and over, from or to which owners or occupants of abutting lands or other persons have only limited right of easement or access."

Chapter 85 of the Session Laws of Wyoming for 1949 as described in its title thus:

"AN ACT to provide for the planning, designation, establishment, use, regulation, alteration, improvement, maintenance, and vacation of access facilities; the acquisition of lands required therefor, the restriction of intersections and control of approaches; the establishment of local service roads; the prohibition of certain acts thereon and provisions for penalties therefor; and for other purposes."

An Access Facility is in section 2 of said Act defined as follows:

"For the purposes of this Act, an access facility is defined as a highway or street especially designed for through traffic, and over, from, or to which owners or occupants of abutting land or other persons have no right or easement or only a limited right or easement of access, light, air, or view by reason of the fact that their property abuts upon such controlled access facility or for any other reason. Such highways or streets may be parkways, from which trucks, buses and other commercial vehicles may be excluded; or they may be free ways open to use by all customary forms of street and highway traffic. Authority to construct or designate any access facility shall be limited to an area embraced within a distance of ten miles from the nearest boundary of any city, town, or village having a population of 1500 people or more according to the last Federal census."

Section 3 of said Act provides in substance: that the highway authorities of the State, counties, cities and towns, acting alone or in co-operation are authorized to "plan, designate, establish, regulate, vacate, alter, improve, maintain and provide access facilities for public

use wherever such authority or authorities are of the opinion that traffic conditions present or future will justify such special facilities"; that said authorities in addition to the specific powers granted in this Act shall also have: "and may exercise relative to access facilities, any and all additional authority now or hereafter vested in them relative to highways or streets within their respective jurisdictions. Said units may regulate, restrict, or prohibit the use of such access facilities by the various classes of vehicles or traffic in a manner consistent with Section 2 of this Act."

Sections 4 and 5 of said chapter read verbatim:

"Section 4. The highway authorities of the State, county, city, town, and village are authorized to so design any access facility and to so regulate, restrict, or prohibit access thereto, as in their opinion may best serve the traffic for which such facility is intended. In this connection such highway authorities are authorized to divide and separate any access facility into separate roadways by the construction of raised curbings, central dividing sections, or other physical separations, or by designating such separate roadways by signs, markers, stripes, and the proper lane for such traffic by appropriate signs, markers, stripes and other devices. No person shall have any right of ingress or egress, to, from or across access facilities to or from abutting lands, except at such designated points at which access may be permitted, upon such terms and conditions as may be specified by proper authority; from time to time, or as hereinafter specifically provided for.

"Section 5. For the purposes of this Act, the highway authorities of the State, county, city, town, or village may acquire private or public property and property rights for access facilities and service roads, including rights of access, air view, and light, by gift, devise, purchase *or condemnation in the same manner as such units are now or hereafter may be authorized by law to acquire such property or property rights in connection with highways and streets within their respective jurisdictions.* All property rights acquired under the provisions of this Act shall be in fee simple where condi-

tions permit, otherwise by appropriate easement." (Italics supplied.)

There are six more sections in the Act but bearing in mind the matter submitted in the appeal at bar it will not be necessary to review them at this time.

Sections 48-316 to and including section 48-324 W.C.S. 1945 indicate the manner of exercising the power of eminent domain in the establishment of roads and so far as can be told from the record before us were the provisions of law which the respondent invoked in the matter of laying out the road in question. Section 48-327 W.C.S. 1945 provides for an appeal to the district court of the County "in which the land lies" by "any applicant for damages claimed" from the final decision of the Board of County Commissioners under certain limitations therein stated but not now necessary to be at this time considered.

Pursuant to the sections mentioned in the last paragraph above the County Clerk of Laramie County published notice in accord therewith in three successive issues of the Wyoming Tribune Cheyenne State Leader. Appraisers were appointed by the said Board, viz. H. B. Reid; N. G. Smith, and Dean T. Prosser. In their work in this matter they had the assistance of an employee from the Highway Department of the State of Wyoming and also the City Engineer of the City of Cheyenne.

These appraisers made and verified their report to the Board of County Commissioners of Laramie County concerning the lands herein involved which are located in the east half of section 33, township 14 north range 66 west of the 6th Principal Meridian on February 16th 1950. The acreage and property of appellant taken by the respondent for the purposes aforesaid and as prescribed in said chapter 85 was 17 acres. None of the

land condemned for the purpose of this road was improved but at the time of the appraisement and, for that matter, at the present time it was and is simply open prairie grass land; there were no improvements through homesite buildings adjoining or even in the immediate neighborhood thereof.

The appraisers made their award to the owner of said lands, the appellant herein, of $7,650 at the rate of $450 per acre. This award, the Board of County Commissioners of Laramie County approved and confirmed on April 13, 1950.

On appeal from this award by the Homesite Company aforesaid to the District Court of Laramie County, both parties, the H K D Homesite Company and the Board of County Commissioners of Laramie County were accorded a full hearing with opportunity afforded to each to produce such witnesses and proofs as they were advised to do. The cause was tried February 28th 1951 to the Court without a jury in attendance, and upon the conclusion of the trial and under date of March 28, 1951, that court rendered judgment as follows:

"NOW THEREFORE, it is hereby ordered, adjudged and decreed that the Appellant take nothing by its appeal, and that the award made by the Respondent be confirmed and approved:

"To which said Judgment and Decree the Appellant excepts and said exception is allowed."

The judgment thereafter as above stated was brought by appeal to this court for review, the Homesite Company being dissatisfied with the judgment thus rendered.

The contention advanced by appellant is that the damages which were allowed in the taking of this property were entirely inadequate. We shall not undertake to review the evidence adduced by the parties though

the transcript thereof is not so very extended or lengthy. The H K D Homesite Company introduced but two witnesses, persons who were, as one of them testified, after explaining that they held an option on the whole tract involved, in consequence "very vitally interested in it." The respondent Board of County Commissioners of Laramie County submitted testimony of three witnesses; one of them being an employee of the State of Wyoming's Highway Department and the other two being a majority of the three appraisers of the property who were appointed by the Board aforesaid.

No useful purpose would be served by undertaking to set out or review the evidence presented to the court on the trial had as before stated to determine whether the Board of County Commissioners erred in awarding the amount of damages it did. It will suffice to say that it embraced in large measure opinions of the witnesses aforesaid; their conclusions concerning the value of the lands appropriated, and damages inflicted upon other property located at some distance from the lands proposed to be taken and owned by appellants or their vendees; and also more or less irrelevant statements of these witnesses and, to put the matter very mildly, the testimony was sharply conflicting.

Under such circumstances we shall deem it altogether sufficient to refer to authorities dealing with eminent domain proceedings when they are brought up for review and shall apply the rules mentioned and described in order that we may properly reach our disposition of the cause.

Says Mr. Lewis in his work 2. Lewis Eminent Domain 3rd Ed. p. 1426 section 805: "When the evidence is conflicting and there is evidence to support the verdict, it will not be disturbed." Several finely printed columns of cases decided by the appellate courts of the various

states of the Union are cited by the learned author in support of his conclusion as announced above.

The recent text 18 Am. Jur. section 376 at page 1019 states in its discussion of the subject of "Review of Findings and Verdict" in eminent domain proceedings that:

"If there is any evidence to support a verdict or finding as to damages or compensation, the appellate court will not disturb it, unless it is clearly and palpably or flagrantly against the weight of the evidence; * * *"

Considering the same subject as the authorities mentioned above the recent text of 30 C.J.S. section 364, at page 53 reiterates the rule announced by those authorities and additionally declares on pages 53-56 inclusive that:

"As variously stated, an award, verdict, finding, or other determination of a question of fact, based on conflicting evidence, or supported by, and within the range of, the testimony, or not palpably unreasonable and contrary to the evidence, will not be reviewed, interfered with, disturbed, or set aside, but will be considered binding and conclusive on appeal, unless there has been some error of law or of the principle on which compensation and damages have been assessed, or the verdict or other award appears to have been a clear and palpable mistake, or the result of passion, prejudice, undue influence, or other improper cause; and this is especially true where the jury or commissioners viewed the premises, but is also true even where the trier or trier of facts did not view the premises. Also, the rule is especially applicable where the verdict or finding has been approved by the trial court, without fraud, corruption, partiality, or grave mistake of fact, *or where two or more bodies or tribunals have practically agreed on the amount of damages.*" (Italics supplied.)

These views are upheld by a wealth of adjudicated cases from the appellate courts of the nation.

The text last cited also announced in its presentation

of the "scope and extent of review" proceedings of eminent domain cases section 444 page 182 that:

"The appellate court will presume, in the absence of a showing to the contrary, that the proceedings in the lower court were correct, and matters which are within the discretion of the lower court will not be reviewed where no clear abuse of discretion is shown. The appellate court may be and is ordinarily limited to reviewing questions of law except in equitable actions, as explained in Appeal and Error § 1642. So where the evidence is conflicting the verdict or judgment will not be disturbed."

See also Kelly vs. Board of County Commissioners of Big Horn County, 24 Wyo. 386, 396; 159 P. 1086, and the concurring opinion of Mr. Justice Potter as quoted on page 400 of the Wyoming volume.

In connection with the foregoing authorities it is especially to be noted in the case at bar that three fact finding bodies viz. the appraisers appointed to view the lands and make awards; the Board of County Commissioners of Laramie County and the district court of Laramie County have all agreed that the award as made by the appraisers should stand. Under such circumstances we should be most reluctant to interfere with the considered judgment of the district court. We find no evidence of passion, prejudice, or other elements intervening in the results attained by these bodies which should induce us to reverse the judgment of the court below on account of prejudicial error.

There were no erroneous rulings of the trial court which we could say were so grievous as to require a reversal of that judgment. Several rulings of the trial court on the admission and rejection of evidence are assigned as error but the proposed evidence excluded was in each instance a mere conclusion and the witness himself giving testimony in one of these instances ad-

mitted that his answer, which the court rejected, was "speculative."

At the oral argument in this court counsel for appellant complained that the latter was not given any notice of the time and place of the meeting of the appraisers to fix the damages to be awarded in connection with the lands to be taken for the proposed road across the property of the appellant. But there are several conclusive answers to this contention which make it clear that it is without merit. It may be noted first, that there is no assignment of error on the point just mentioned so far as this record shows; second, that no such contention appears to have been presented to the trial court; third, that no such contention appears in appellant's brief; fourth, the record does not show that appellant attempted to introduce testimony in its behalf before the Board of County Commissioners of Laramie County and was by that Board denied that privilege.

In this connection it may be observed that section 48-321 of W.C.S. 1945 describing the duties of an appraiser of lands undertaken to be condemned by eminent domain authority and section 48-322 W.C.S. 1945 setting forth the duties of the County Commissioners in such matters indicate that witnesses and testimony should be notified and parties heard as in the case of appraisers as the latter "may deem necessary." As to the County Board the matter is left to the judgment of said Board "as the public good may require;" and finally, it is to be observed that an appeal to the district court from the action of the Board of County Commissioners aforesaid in confirming the award made by the appellant herein, the H K D Homesite Company was given an opportunity to have a full hearing to introduce such evidence and witnesses as it saw fit and it apparently did just that thing. Where a somewhat similar contention was made, as in the case at bar, in North Laramie

Land Company vs. Hoffman et al, 30 Wyo. 238, 268; 219 P. 561 it was said:

"It is not necessary, in order to constitute due process of law, that a property owner be notified of every step of the proceedings, provided that at some stage thereof he have full opportunity to present his case to an impartial tribunal. 20 C.J. 929 and cases cited. State ex rel v. District Court, 90 Minn. 457, 97 N.W. 132; Bass v. City of Casper, 28 Wyo. 387, 435; 205 Pac. 1008, 208 Pac. 439; Page & Jones, Tax. by Assessment, Sec. 125. Among several admissible modes is that of causing the amount to be assessed by viewers or appraisers, subject to an appeal to a court carrying with it a right to have the matter determined upon a full trial. And where this mode is adopted due process does not require that a hearing before the viewers, or appraisers, be afforded, but is satisfied by the full hearing that may be obtained by exercising the right to appeal."

This case was removed to the Supreme Court of the United States on error to the Supreme Court of this State, 268 U. S. 276, 45 S. Ct. 491, 69 L. Ed. 953. The court of last resort in the nation unanimously affirmed the decision of the Supreme Court of the State of Wyoming and in the course of his opinion Mr. Justice Stone in speaking for the court remarked:

"* * * one constitutional method of fixing damages 'among several admissible modes is that of causing the amount to be assessed by viewers, subject to an appeal to a court carrying with it a right to have the matter determined upon a full trial.' This is the rule adopted in numerous other cases. See Huling v. Kaw Valley Railway & Improvements Co., supra; Lent v. Tillson, 140 U. S. 316, 11 S. Ct. 825, 35 L. Ed. 419, and Winona & St. Peter Land Co. v. Minnesota, supra. It is the mode of procedure adopted by the Wyoming Statute. Section 2536 provides for an appeal to the district court of the county within thirty days after the decision of the board of county commissioners establishing the road."

See also Miller v. Hagie et al 59 Wyo. 383, 140 P. (2d) 746.

We conclude therefore upon the facts and the law involved herein that no good reason appears for our interfering with the judgment of the district court of Laramie County attacked by these proceedings and it should accordingly be affirmed.

*Affirmed.*

BLUME, C.J., and ILSLEY, J. concur.