Dallas WATSON, Sr., Appellant
(Plaintiff below),

v.

Roger J. BELL, Appellee (Defendant below).

No. 3193.

Supreme Court of Wyoming.

Jan. 14, 1964.

Swanton & Yaap, Casper, for appellant.

William S. Bon, Casper, for appellee.

Before PARKER, C. J., and HARNS-BERGER, GRAY, and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Dallas Watson, Sr., sued Roger J. Bell for $450, the damages (stipulated) caused to plaintiff's car in an intersection collision between it and defendant's vehicle. At the time of the accident, the Watson car was being driven by Dallas Watson, Jr., plaintiff's eighteen-year-old son.[1] Defendant denied fault and alleged that the driver of plaintiff's car was guilty of negligence which contributed to the accident and which was, in fact, the sole cause of the accident. The case was tried without a jury and at the conclusion of the testimony the court found for defendant, entering judgment accordingly. Plaintiff in his appeal urges that the judgment is not supported by substantial, consistent, or convincing evidence since defendant was negligent in operating his vehicle and that any negligence of the driver and bailee of plaintiff's car was not imputable to the father-bailor.

The evidence was brief and the record discloses little dispute as to the facts. At about 8:30 p. m. on September 12, 1962, Dallas Watson, Jr., in a 1955 Dodge, owned by his father, was traveling west on L Street (graveled) in Casper, Wyoming, and Bell was driving south on North Center Street (black top) in a 1957 Dodge. A sergeant of the city police department, who had made investigation at the scene of the wreck shortly after it happened, testified as to measurements of the tracks and positions of the cars with relation to the intersection. He had drawn a diagram which disclosed that the point of impact was in the northwest quadrant of the intersection, and he indicated that the left side of defendant's car at the time of the crash was approximately in the center of the north-south street; that plaintiff's car was in his own lane of traffic on the north side of the highway (going west); that plaintiff's car had skidded thirty-nine feet prior to impact and

1. Although defendant counterclaimed, no evidence was adduced on this point.

had then turned an arc with tires skidding for some twenty-two feet and stopped. Defendant's car had continued on 158 feet beyond the front of plaintiff's car before it came to rest on the west side of the north-south street.

Plaintiff as a witness for himself said that he had owned the car driven by his son. The son did not appear at the trial. Plaintiff presented a diagram, which purported to be a larger and to scale version of the diagram drawn by the investigating officer, and discussed matters which the exhibit disclosed, the burden of his testimony being that his drawing was larger, more accurate than that of the officer's, and disclosed the point of impact was on defendant's left side of the street, that is, the northeast rather than the northwest quadrant of the intersection. In that connection, as well as in the consideration of all matters presented in the appeal, we must bear in mind the numerous holdings of this court that the judgment of the trial court is presumed to be correct and the one appealing therefrom must make affirmative showing of error. Torgeson v. Connelly, Wyo., 348 P.2d 63, 70; H K D Homesite Co. v. Board of County Com'rs of Laramie County, 69 Wyo. 236, 240 P.2d 885, 889. When there is conflicting evidence, this court regards only that most favorable to the successful party on appeal, together with all fair inferences which may reasonably be given. Weller v. Dalzell, Wyo., 375 P.2d 467, 473; Severin v. Hayes, Wyo., 372 P.2d 1017, 1020. Furthermore, any estimates and opinions of plaintiff concerning his enlarged diagram would, of course, be subject to most careful scrutiny since he was not an eyewitness to the wreck. See Macy v. Billings, 74 Wyo. 404, 289 P.2d 422, 424.

The defendant identified pictures of the two vehicles which indicated that the force of the impact was on the front end of plaintiff's car and the left side of the defendant's. Defendant said that as he approached the intersection he looked to his right and to his left and saw no vehicles but saw some children on the corner. He was then proceeding at about fifteen miles an hour. When he was in the intersection, he heard a roar and gravel, like a skid, and glanced around and couldn't do anything as the Watson car was fifteen or twenty feet from him. He said his car then was in about the center of the street. The impact threw him to the floorboard of the car. By the time he got up to see where he was going and stopped, he was quite a way down the street.

Plaintiff argues that under Chandler v. Dugan, 70 Wyo. 439, 251 P.2d 580, the defendant is not permitted to say that he did not see what he could have seen if he had looked, and that under Ries v. Cheyenne Cab & Transfer Co., 53 Wyo. 104, 79 P.2d 468, the car on the right does not have the absolute right of way. He contends that if the appellee had applied his brakes he would have had the car under proper control and the accident would not have occurred, citing Garner v. Brown, 31 Wyo. 77, 223 P. 217, and that the evidence shows Bell's car to have been struck in the northeast quadrant of the intersection so that he was negligent in being on the wrong side of the road at the time of the crash. Defendant does not dispute the holdings of the cited cases, but merely urges, and we think properly, that there is no proof here adduced which would make them applicable.

As we view the record, we find no evidence which would fulfill plaintiff's burden of showing defendant to have been negligent. Plaintiff having failed to meet his burden of proof, the court was fully justified in arriving at its judgment. This being true, the argument of plaintiff that any negligence of his son, the bailee of the automobile, was not imputable to him is unimportant and does not require discussion.

The judgment is affirmed.