HOUSTON TAP AND BRAZORIA RAILWAY COMPANY v. W. H. MILBURN AND OTHERS.

1. When manifest error is apparent on the face of the record, and is admitted by the appellee, his motion to dismiss the case for want of prosecution will not, it seems, be granted under ordinary circumstances.

2. The rule that more damages cannot be recovered than are claimed by the plaintiff, applies to awards by appraisers, appointed under a railway charter to determine the compensation due to owners of land taken by the company for its road.

3. The charter of the Houston Tap and Brazoria Railway Company, passed in 1856, provides for the appointment by the district court of appraisers to determine the compensation due to owners of land taken by the company for its road, such appraisement to be reported to the court, and if confirmed, to be made a judgment thereof. *Held*, that this provision is not in conflict with the constitutional guarantee of trial by jury, or other constitutional provisions. (Railway Company v. Ferris, 26 Texas, 588, cited by the court, and approved.)

ERROR from Brazoria. Tried below before the Hon. B. Shropshire.

The opinion discloses the only facts material to the rulings.

No brief for the plaintiff in error has been furnished to the Reporter.

*Thos. G. Masterson*, for defendants in error.

OGDEN, J.—This cause was brought up and filed in this court in January, 1870, since which time the plaintiff in error seems to have paid no further attention to it, and the defendants in error now file a motion to dismiss the cause for want of prosecution, and we might be inclined to sustain the motion but for the manifest error in the judgment of the court below, apparent on the face of the record, and admitted by the defendants. The plaintiffs below in their petition claimed damages to the amount of two thousand dollars, but the appraisers, appointed by the district court to determine the amount of compensation to which the plaintiffs were entitled, allowed them in their award twenty-five hundred dollars, and judgment was entered up by the court for that sum. This award and judgment gave to the plaintiffs five hundred dollars more than they asked for, and was therefore error to that extent. But the defendants, in error come into this court and enter a *remittitur* for that sum, and ask an affirmance of the judgment for the balance.

The plaintiff in error complains of the entire judgment of the district court, because the same was rendered without the intervention of a jury, and therefore in violation of the constitutional right of every citizen of the State. The act to incorporate the Houston Tap and Brazoria Railway Company, passed in 1856, provides for the appointment of appraisers to assess the damages to the owner of any lands over which said road might pass; whose award, when made to the district court, should be entered as a judgment against said railway company. That provision of the charter was fully complied with in this case, and under the authority of Buffalo

Bayou, Brazos and Colorado Railroad Company v. Ferris, 23 Texas, 599, and the numerous authorities there cited, we are of the opinion that the provision of the charter is not in conflict with any provision of the Constitution, or of any law under its authority, and therefore, is valid and binding; and that the judgment of the district court was correctly rendered in compliance with the provisions of that charter. The judgment of the court is therefore affirmed, after deducting the five hundred dollars remitted by the defendants in error.

Affirmed.