---

In re HAMILTON PLACE IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. April 28, 1910.)

1. EMINENT DOMAIN (§ 202*)—ASSESSMENT OF COMPENSATION—EVIDENCE—VALUE OF PROPERTY.

No question being raised as to the good faith of a contract of sale made by a claimant of damages for property taken, nor any proof offered that it was sacrificed, the price agreed on affords a fair indication of the value of the land when the contract was made.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 541; Dec. Dig. § 202.*]

2. EMINENT DOMAIN (§ 124*)—MEASURE OF COMPENSATION FOR PROPERTY.

The measure of compensation for property taken for public use is its fair market value when title vests in the public.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 332–344; Dec. Dig. § 124.*]

3. EMINENT DOMAIN (§ 232*)—ASSESSMENT OF COMPENSATION—PROCEEDINGS UNDER GREATER NEW YORK CHARTER—VIEW.

Since commissioners of estimate are required by Greater New York Charter (Laws 1901, c. 466) § 1438, to report their proceedings to the court, with the minutes of the testimony taken, they must consider the written evidence, and their awards are open to review; and hence they cannot disregard testimony of witnesses, nor base their awards on information derived wholly from a view of the premises, which is to enable them to better understand the evidence.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 590, 591; Dec. Dig. § 232.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. EMINENT DOMAIN (§ 233*)—ASSESSMENT OF COMPENSATION—VALUE OF PROPERTY—DETERMINATION—LIMITATION TO RECORD EVIDENCE.

Knowledge and experience of the individual commissioners as to the value of property taken may be applied to the evidence before them; but they can no more go outside the record evidence in making awards than the court can in reviewing the same.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 233.*]

5. EMINENT DOMAIN (§ 237*)—ASSESSMENT OF COMPENSATION—SETTING ASIDE AWARD.

An award for land taken by a city in excess of what the owner claims, or less than the lowest estimate made by the city's experts, will be set aside, unless adduced facts and circumstances afford some basis for different valuation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 611, 612; Dec. Dig. § 237.*]

6. EMINENT DOMAIN (§ 237*)—ASSESSMENT OF COMPENSATION—SETTING ASIDE AWARD.

An excessive award cannot be allowed to stand merely because it is below the lowest estimate of claimant's experts, if in estimating the value they overlooked the basic principle that the price paid or to be paid furnishes some evidence of value, in absence of proof that the property was sacrificed at the sale as to which the evidence is offered.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 611, 612; Dec. Dig. § 237.*]

Proceedings by the City of New York to condemn lands and premises on the westerly side of Hamilton Place, between 140th and 141st Streets, in the Borough of Manhattan, for school purposes. On objections to report of commissioners. Report confirmed as to one parcel, objections sustained as to another, and matters in relation thereto referred to new commissioners.

Archibald R. Watson, Corp. Counsel (Francis J. Byrne, of counsel), for City of New York.

Maurice Deiches, for Mary J. Cunningham.

John C. Shaw (J. J. Myers, of counsel), for Marie Adele Bonner.

GIEGERICH, J. The report of the commissioners of estimate and appraisal as to damage parcel No. 1 in this proceeding having been confirmed by the order of November 11, 1909, there remains for consideration the questions arising with respect to damage parcels Nos. 2 and 3. Damage parcel No. 2 comprises a tract of land facing Hamilton Place, being in depth on West 140th street 84 feet and 6 inches, and in depth on the southerly side of West 141st street 216 feet and 3 inches. It is separated from Hamilton Place in that part of its frontage from the middle line of the block to the southerly side of West 141st street by the intervening damage parcel No. 3. There was an old house standing upon damage parcel No. 2. The area of the parcel is 30,169 square feet, equivalent to 12 city lots 25 by 100 feet, with an excess of 169 square feet. Damage parcel No. 3 is a narrow strip of land upon the westerly side of Hamilton Place, beginning at the south side of 141st street, 3 feet and 1/4 of an inch wide at that point, and running south, parallel with Hamilton Place and abutting on it, to a point midway between 140th and 141st streets.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

As to this parcel, after consideration of the evidence, as well as the argument of counsel for the respective parties, I am of the opinion that the report of the commissioners should be confirmed.

The city opposes the award of $266,620 for damage parcel No. 2 on the ground that it is grossly excessive. The claimant's experts, assuming perpetual easements of light, air, and access over damage parcel No. 3, valued damage parcel No. 2 as follows: John T. Duff, $281,696; Charles D. Dubois, $284,482; William F. Layton, $299,-533.16. While the estimates of the city's experts were as follows: David Stewart, $190,519; Frank E. Mainhart, $196,447.46; Ransom E. Wilcox, $200,288. There is thus a wide divergence in the estimates made by the claimant's experts on the one hand and those who testified for the city on the other; and the corporation counsel claims that the valuation placed upon this parcel by the city's experts was its full market value when title vested in the city on July 1, 1907, and that such valuation is supported by the contract made between the claimant and the Cohn-Baer-Myers & Aronson Company, dated February 6, 1905, whereby damage parcel No. 2 and the claimant's right, title, and interest in the land embraced within damage parcel No. 3 were sold for $160,000, to be paid $25,000 in cash and the balance in mortgages. The purchasing corporation assigned the contract to the Realty Transfer Company by an instrument dated February 17, 1905. It appears from the evidence that on May 25, 1905, the claimant made a tender of a deed to the said Realty Transfer Compny, and that thereafter the contract in question was the subject of litigation in the Supreme Court by the said Cohn-Baer-Myers & Aronson Company against the Realty Transfer Company and the claimant, which finally resulted in the dismissal of the complaint as against both defendants upon grounds not necessary to state, which determination was affirmed by the Appellate Division (117 App. Div. 215, 102 N. Y. Supp. 122) and then by the Court of Appeals (191 N. Y. 533, 84 N. E. 1110).

The claimant insists that the said contract is not a proper criterion of value. In Matter of Department of Public Parks, 53 Hun, 280, 302, 6 N. Y. Supp. 750, 760, the award made to one Charles S. Wood was sent back to the commissioners for revision, because they excluded evidence upon his part of the price paid by him for the land, the court saying:

"What he paid for the land, what he had done with it since, what bona fide offers for the land he had had, certainly was evidence which should be considered with the other evidence tending to show whether there had been an appreciation or a depreciation in the land in question."

In the Matter of the Petition of the Citizens' Water Supply Company, 97 App. Div. 630, 89 N. Y. Supp. 1102, the order confirming the report of the commissioners was reversed, because they excluded evidence of the price paid by the owners for the lots involved in the proceeding some four or five years before the city acquired title. No question has been raised as to the good faith of the contract of sale so made by the claimant, nor was any proof offered that the property was sacrificed. The price agreed to be paid for the land, therefore, affords a fair indication of its value at the time the contract was made.

Matter of the City of N. Y., Blackwell's Island Bridge, 122 N. Y. Supp. 321, and citations.

The question next arises whether the general course of values in the neighborhood of the property in question between the time such contract was made and the time when title vested in the city was such as to justify an award for damage parcel No. 2 of more than $100,000 above the sum for which the claimant agreed to sell both damage parcels Nos. 2 and 3. Matter of City of N. Y., Blackwell's Island Bridge, supra. As already stated, the commissioners awarded to the claimant, as owner, the sum of $266,620 for damage parcel No. 2. For damage parcel No. 3 they awarded $2,810 to unknown owners for the land, subject to an easement of light, air, and access held by the claimant as owner of damage parcel No. 2. The corporation counsel contends that when title vested in the city there had been an increase in the value of the property of only 25 per cent. over the contract price of $160,000. On that basis it was worth only $200,000 at that time, and that sum is the highest estimate of value placed upon it by any of the city's experts. The increase awarded, however, $106,620, gives a percentage of increase of more than 66 per cent. I have carefully read the entire record, and have given especial attention to the parts quoted in the claimant's supplementary memorandum; but, after considering it all in the most favorable light to the claimant, I have been unable to find any evidence sufficient to warrant an award for such an increase as was made for damage parcel No. 2. While the record does contain some evidence of enhancement of values in the neighborhood of the lands in question, it falls far short of showing an increase of over two-thirds. The measure of the compensation to be paid by the city to an owner whose property has been taken for public use is the fair market value thereof at the date of vesting of title in the city. Matter of City of N. Y., Blackwell's Island Bridge, supra. According to the record evidence the commissioners have gone beyond such standard in fixing the value of the claimant's parcel No. 2.

It is urged, however, by the claimant, that the commissioners were not confined to the sworn evidence in making their award, but that they were at liberty to use any information they could obtain, from whatever source, and many cases are cited in support of this contention. This point was discussed by me in Matter of City of N. Y., Blackwell's Island Bridge, supra, where, upon a review of the statutory provisions and of the decisions relating thereto, it was held that since the commissioners are now required to report their proceedings to the court, with the minutes of the testimony taken by them (Greater New York Charter [Laws 1901, c. 466] § 1438), they are required to consider the written evidence, and that their awards are open to review. The commissioners, therefore, could not disregard the testimony of the witnesses, nor could they base their awards upon information derived wholly from a view of the premises. On the contrary, such view is for the purpose of enabling them to better understand the evidence. Matter of the City of N. Y., Blackwell's Island Bridge, supra. The award for damage parcel No. 2, viewed in the light of the evidence, is grossly excessive, which fact indicates that

the commissioners proceeded upon an erroneous theory, and the award should therefore be set aside. Matter of the City of N. Y., Blackwell's Island Bridge, supra.

It is urged, however, by the claimant's counsel in his supplementary memorandum that:

"The chairman of this commission is a man of large property, of unquestioned integrity, and undoubted honesty, who perhaps knows more about the values of property in this vicinity than the so-called experts who testified before him."

The knowledge and experience of the individual commissioners as to the value of the property taken may undoubtedly be applied to the evidence before the commissioners; but, as seen, they cannot go outside the record evidence in making their awards any more than I can in reviewing the same. This rule finds illustration in the case of an award in excess of what the owner claims, or where it is for less than the lowest estimate made by the city's experts. In either of such cases the award will be set aside, unless facts and circumstances are adduced which will afford some basis for a different valuation. Matter of the City of N. Y., Blackwell's Island Bridge, supra.

It may be urged that the award in this proceeding is below the lowest estimate of the claimant's experts, and that consequently it should stand. The difficulty with this contention is that the claimant's experts, in making their estimates of value, overlooked a basic principle underlying proceedings to acquire lands for a public use, and that is that the price paid or to be paid furnishes some evidence of value, in the absence of proof that the property was sacrificed at the sale concerning which the evidence is offered.

For the reasons stated, I deem it my duty to sustain the objections urged against the confirmation of the report as to damage parcel No. 2; and while it is to be regretted that the parties in interest should be put to the expense and delay of a further hearing before new commissioners, I see no escape upon the proof from such a course. In this view, it will not be necessary to pass upon the question whether the award for damage parcel No. 2 should be made to the claimant or to unknown owners.

The report of the commissioners as to damage parcel No. 3 is accordingly confirmed, and the objections to damage parcel No 2 sustained, and the matters arising in relation thereto will be referred to new commissioners.