In re BOSTON ROAD IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. May 11, 1910.)

1. EMINENT DOMAIN (§ 237*)—PROCEEDINGS FOR TAKING PROPERTY—REPORT OF COMMISSIONERS—AMOUNT OF AWARD.

Where the report of commissioners of estimate and appraisal in a proceeding for the opening of highways awarded for a parcel of land an amount far exceeding the value of the property as shown by the price paid on sales of other real property in the vicinity, the report will not be confirmed.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 237.*]

2. EMINENT DOMAIN (§ 124*)—COMPENSATION—TIME AS OF WHICH MADE—AGREEMENT.

In a proceeding for the extension of a park, where proceedings for the laying out and extension of highways were contemplated, a stipulation that only the pro rata value of the property not taken in the pending proceedings should be claimed in the subsequent proceeding, and that no increase to the parcels affected, though not taken in this proceeding, should be claimed in the subsequent proceedings by reason of the parks adjacent thereto, was not a stipulation as to the value of the property not taken binding on a city in the subsequent proceedings, but merely a stipulation as to the method of valuation and intended to preclude property owners from claiming in the subsequent proceedings any increased value accruing to portions not taken in the first proceeding, and which but for the stipulation might have been valued in the later proceedings as property facing a park.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 124.*]

3. EMINENT DOMAIN (§ 124*)—PROCEEDINGS FOR TAKING PROPERTY—COMMISSIONERS.

In proceedings for opening and extending highways, where the claimants had stipulated in a former proceeding for the extension of a park that no increase to the parcels not taken should be claimed in the subsequent proceeding by reason of the taking of parks adjacent thereto, the commissioners of estimate and appraisal should regard the purchase price of any damage parcel in question as a fair indication of its value at the time of the purchase, and, if it appears from the record that the general course of values in the neighborhood between the time of its purchase and the giving of testimony has increased, they may award, in addition to the purchase price, such percentage of increase as has been established to their satisfaction.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 124.*]

4. EMINENT DOMAIN (§ 243*)—PROCEEDINGS FOR TAKING PROPERTY—CONCLUSIVENESS OF AWARD.

The report of commissioners of appraisal and estimate in a proceeding for the extension of a park, confirmed by the court, is not conclusive in subsequent proceedings for the opening and extension of highways as to the rights of the property owners affected.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 243.*]

In the matter of the application of the City of New York, relative to acquiring title in fee to the lands, tenements, and hereditaments for the opening and extending of Boston Road between Bronx Park and the White Plains Road, and the Bear Swamp Road between Boston Road and the White Plains Road, in the Twenty-Fourth Ward, Borough of the Bronx, City of New York. Motion to confirm report of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Commissioners of Estimate and Appraisal.    Denied in part, and granted in part.

Joseph A. Flannery (Benjamin Trapnell and Raphael Tobias, of counsel), for certain property owners.

Thomas F. Conway, for land associates, owner of damage parcel No. 1.

Archibald M. Watson (John P. Dunn and L. Howell La Motte, of counsel), for City of New York.

W. W. Niles, for City Club of New York.

GIEGERICH, J.    The motion to confirm the report of the commissioners of estimate and appraisal in this proceeding is opposed by the city and by the City Club of New York, which by my permission has submitted a memorandum in opposition.    The only claimants who have filed briefs are the land associates, the owner of damage parcel No. 1, who are represented by Mr. Thomas F. Conway, and various owners for whom Mr. Joseph A. Flannery appears as attorney of record.    In the case of damage parcel No. 1, sales of other real property in the same vicinity were brought out on cross-examination, and a comparison of the amount awarded for that parcel, with the prices paid at such sales, clearly shows that the award so far exceeds the actual value of the property as to preclude its confirmation.    In re Block Bounded by Ave. A., etc., City of N. Y., 122 N. Y. Supp. 321. The report as to the other damage parcels, those represented by Mr. Flannery, cannot be confirmed for one reason, because the commissioners, as appears upon the record, proceeded upon an erroneous theory as to the meaning of the stipulation which was before them. In order to make clear the meaning of the stipulation in question, it is necessary to state that in a former proceeding, which may be designated as the "Bronx Park Extension," a portion of the various parcels of land was taken.    Later on the present proceeding was instituted for the purpose and with the result of taking the remainder of such parcels.    At the time the Bronx Park Extension proceeding was commenced, the present proceeding was contemplated.    In such former proceeding the stipulation in question was made and took the following form, namely:

"It is stipulated by the claimants that only the pro rata value of the property not taken in this proceeding shall be claimed both in the Boston Post Road and the Bear Swamp Road and Bronx Boulevard proceedings, and that no increase to the said parcels, though not taken in this proceeding, shall be claimed in the other proceedings by reason of the taking of the parks adjacent thereto."

Whether this stipulation be taken by itself or in connection with the colloquy that preceded it upon the record or in the light of the subsequent conduct of both sides, it cannot be given the effect that the counsel for the property owners claims for it.    Instead of a stipulation as to value and one binding upon the city as to value, it is merely a stipulation as to the method of valuation, and was plainly intended to preclude the property owners from claiming any increased value accruing to the portions not taken in the first proceeding, and which but for such stipulation might have been valued in the later proceed-

ing (the present one) as property facing upon a park. But for this stipulation, if a strip had been taken from the various parcels and added to the park, thereby giving the several remainders a frontage on the new and enlarged park and thereby a greatly enhanced value, the owners might have had the city at a great disadvantage in the present proceeding and have recovered as damages in the two proceedings an aggregate amount greatly in excess of the value of the entire property acquired. The stipulation plainly was intended to prevent such an outcome and to provide that in each proceeding the claim should be limited to such proportion of the value of each parcel affected as the value of the portion taken should bear to the value of the entire parcel thus affected. For instance, if in the first proceeding the portion acquired was one-fourth the value of the entire parcel, then in the later proceeding the claim would be limited to three-fourths of the value of the entire parcel. There was nothing, however, to prevent the commissioners in the two proceedings from reaching different values for the respective entire parcels. One commission might have valued a certain parcel at $10,000 and the other commission at $8,000, or vice versa, and have made its awards upon that basis. This is shown by the practical construction put upon the stipulation by the parties in making separate records in the two proceedings and in introducing in the present record certain testimony as to the value that was not contained at all in the other record. The commissioners, however, seem to have proceeded upon the theory that the same value must be placed upon any entire parcel affected in this proceeding as was placed upon it in the former proceeding. This is shown by the questions which the chairman asked of the witness, at page 1012 of the record, as follows:

"Q. Did you know when you were making these estimates and fixing these values that the price to be allowed in this proceeding for these different parcels concerning which you have testified was absolutely fixed and arranged by a stipulation in Bronx Park? A. The price of the ground? Q. Yes; that the commissioners in the Boston Road can allow the same amount, the same proportion per square foot, averaging the whole that they allowed in the Bronx Park addition?"

And again, at page 1131, the chairman of the commission said:

"We did not take into consideration consequential damage in either case. We took the pro rata value all around; having allowed you so much in the other proceeding, we allowed you at the same rate in this case."

From these extracts I think it is fairly apparent that the commissioners felt themselves bound to follow the same valuation in the second proceeding that had been reached in the first proceeding, instead of making, as they should have done, an independent valuation in this proceeding upon the evidence before them in this proceeding and applying the stipulation in the manner above indicated. The awards made appear to be excessive; but this fact may be due to the wrong construction placed by the commissioners upon the stipulation. It may well be that if they had considered themselves free in this case to reach a valuation of the respective entire parcels affected, irrespective of the valuations of such entire parcels arrived at in the former proceeding, their awards might have been decidedly lower,

and may be so yet if the matter be referred back to them to reconsider in the light of a correct interpretation of the stipulation and of certain other matters to which attention will be called below. The City Club opposes a remission of the case to the same commissioners, while the attorney for the claimants in question in his brief urges that the matter should be returned to the same commissioners with instructions to disregard the stipulation, and that the claimants should be relieved from the restriction imposed by the stipulation and permitted to show the value of the parcels involved without regard to the Bronx Park proceeding. I think, however, in view of all the circumstances, that the course hereinafter suggested is the best one in the present instance, and if adopted may result in saving the expense and delay of a rehearing before new commissioners.

The parties may therefore, if they desire, have the report as to such damage parcels referred back to the present commissioners, with instructions to make a new award in such damage parcels as to which there is a dispute upon the evidence as shown by the present record, and to give effect to the stipulation in the manner above indicated and to regard the purchase price of any damage parcel in question as shown by the record as a fair indication of its value at the time of the purchase thereof, and, if it appears from the record that the general course of values in the neighborhood of the property between the time of its purchase and the giving of testimony as to the increase of values has been such as to warrant a finding that there has been an increase in the value of the property, then the commissioners may award, in addition to the purchase price paid for such property, such percentage of increase in its value as has been established to their satisfaction. In re Block Bounded by Ave. A., etc., City of N. Y., 122 N. Y. Supp. 321; Matter of Hamilton Place, 122 N. Y. Supp. 660. However, if there be any objection to such a course by either of the parties to this proceeding, then I have no alternative under the circumstances but to refer the matter to new commissioners to reconsider the subject-matter thereof.

In reaching the foregoing conclusion, that the report as to such damage parcels should be either referred back to the present commissioners for correction or sent to new commissioners for rehearing, I have not been unmindful of the contention of the counsel for the owners of the damage parcels in question that the confirmation of the report in the former proceeding is controlling, but I cannot take that view. The questions here are presented upon a different record containing testimony not in the other proceeding. I might further state that I am of the opinion that the evidence as to increase of values in the neighborhood or any special circumstances affecting the property in question is not such as to warrant such an increase as the commissioners allowed for the damage parcels objected to. The motion to confirm the report is therefore denied as to the awards to which objections have been made, but in all other respects granted, and the matters arising in relation to damage parcel No. 1 will be referred to new commissioners, and, if there be no objection on the part of any of the parties to this proceeding, the report as to the other damage parcels

objected to will be sent back to the present commissioners for correction as above indicated; otherwise such damage parcels will be referred to new commissioners for rehearing.