FRANK A. BLISS,

*Appellant-Appellant,*

vs.

BOARD OF COUNTY COMMISSIONERS OF LARA-
MIE COUNTY, WYOMING,

*Respondent-Respondent.*

(No. 2536; May 27, 1952; 244 Pac. (2d) 508)

For the appellant the cause was submitted upon the brief of Henderson and Thomson of Cheyenne, Wyoming.

For the respondent the cause was submitted upon the brief of Walter B. Phelan and Teno Roncalio, both of Cheyenne, Wyoming.

44

## OPINION

BLUME, Chief Justice.

A brief statement of the facts herein is contained in the abstract of the record by the appellant herein which is as follows: "This proceeding came to the lower Court on an appeal from an award of the respondent to the appellant for damages incident to construction of a portion of the Chugwater-Cheyenne highway across the lands of the appellant, said lands being located in Sections 15, 22 and 27, Township 19 North, Range 67 West of the 6th P.M., Laramie County, Wyoming. The determination of damages was handled under the statutory proceedings, Section 48-315 to 48-322 inclusive Wyoming Compiled Statutes 1945. The appraisers appointed by the Board of County Commissioners awarded damages in the amount of $1518.50. The Board of County Commissioners awarded damages in the identical amount. On appeal, the Judicial Court of the First Judicial District allowed to the appellant the additional sum of $750 for drilling and equipping a well. The appellant has appealed from the whole of said judgment except the finding of fact that failure to award a well to the appellant on his land isolated by the proposed new highway was discriminatory and the assessment of costs to the respondent."

It will be noted that the proceeding in this case is substantially the same kind of proceeding as was considered by this court in the case of H K D Homesite Co. v. Board of County Com'rs., Wyo. 240 P. (2d) 885. The testimony in this case is conflicting as the testimony was in that case. It is claimed herein as in that case that the damage allowed was inadequate and the further argument is made that no notice of the time and place of the meeting of the appraisers to assess the damage was given to the appellant. These points were

fully considered in the foregoing case of H K D Home-site Co. v. Board of County Com'rs., supra. In accordance with the holding in that case, we must affirm the judgment of the trial court in so far, at least, as it confirms the amount of damages in the sum of $1518.50 as found by the appraisers and Board of County Commissioners and nothing further needs to be added to that point.

The only difference in principle between that case and the case at bar is that in this case the district court awarded the appellant an additional amount of $750 for drilling and equipping a well on a tract of land which was isolated by the proposed highway and erecting a windmill. Counsel for appellant claimed in their brief that the cost of the windmill was much larger than $750 and that the amount allowed therefor should be increased to $1250. Section 48-315 W.C.S. 1945, provides: "If the board of the county commissioners shall determine to establish, lay out or alter any road, they shall appoint a day, not less than thirty (30) days after such determination, on or before which day all objections to the establishment, alteration or vacation of the proposed road, and claims for damages by reason thereof, shall be filed with the county clerk." In accordance with that provision, the appellant herein filed a claim with the county clerk, making a total claim for $2314. In itemizing his claim, he claimed the sum of $750 on account of the expense of the erection of a windmill on the east half of section 27. This is the amount which the trial court allowed to the appellant, stating in the judgment that appellant was limited to the amount which he claimed. Section 48-329 W.C.S. 1945, states that: "The amount of damages to which the claimant shall be entitled on such appeal shall be ascertained in the same manner as in a civil action." It is the contention of the respondent herein that the claim filed herein

by the appellant took the place of a pleading and that the ordinary rule should be followed that no more can be recovered by the plaintiff than the amount which he claimed. The authorities seem to bear out the contention. Thus it is said in 23 Cyc. 795, 796: "It is a general rule that a judgment cannot properly be rendered for a greater sum, whether by way of debt or damages, than is claimed or demanded by plaintiff in his declaration or complaint. And it is immaterial that the evidence may prove a greater debt or a greater amount of damage than was alleged by plaintiff." Numerous cases are cited. In 25 C.J.S. 787, it is stated that: "Plaintiff is precluded from recovering, but not from proving, a greater sum than that alleged in the petition or complaint." In 15 Am. Jur., § 309, p. 751, we find it said that: "in general the plaintiff cannot recover greater damages than he has declared for and demanded in his declaration, complaint, or petition." 41 Am. Jr. § 112, p. 368, states: "But relief will not be granted beyond the fair scope of the plaintiff's allegations and prayer." In the case of Chesapeake & O. Ry. Co. v. Blackburn, 188 Ky. 456, 222 S.W. 99, the court held that where the petition itemizes the amounts of the various damages, recovery is limited to the amounts specified, notwithstanding that the evidence might show greater damage. But see Clark on Code Pleading (2d Ed.) 266, apparently limiting the rule to cases in which there has been no answer. That situation would not apply in the case at bar. In 29 C.J.S. § 310, p. 1343, we find: "The commissioners or jurors cannot go outside the record evidence in making their award, and when the award exceeds the amount claimed by the landowner * * * it may be set aside." In Matter of Hamilton Place, 67 Misc. 191, 122 N.Y.S. 660, and in Matter of Block Bounded by Ave. A, etc. 66 Misc. 488, 122 N.Y.S. 321, 330, it is held that no greater amount can be allowed than that claimed by the landowner, and

in the second of these cases cited, the court stated: "There are usually no formal pleadings in condemnation proceedings * * * and, if there were, the owner could not be allowed more than he claimed in his petition or pleading." In the case of Houston Tap and Brazoria Railways Co. v. Milburn, 34 Tex. 224, the syllabus is as follows: "The rule that more damages cannot be recovered than are claimed by the plaintiff, applies to awards by appraisers, appointed under a railway charter to determine the compensation due to owners of land taken by the company for its road."

It may be that between the time that plaintiff filed his claim and the time of the trial herein, the cost of erecting a windmill had gone up. Inflationary pressure under the impact of enormous Federal expenditures and taxation has been so great that it has been difficult to measure the cost of anything, or at least many things, for any great length of time ahead. Hence it might seem an injustice that a person filing a claim such as that of appellant should be bound thereby. At the same time the board of county commissioners must have a reasonably definite idea as to the probable cost of an improvement in the roads. They might hesitate or refuse to make it, if the probable cost would seem to be too great. Hence the statute requires the filing of claims, and we must give effect thereto. So that it would seem that the appellant must, along with all the rest of us, even if regretfully, bow to the unfortunate situation as we find it in the hope that the benefit which the public at large will receive from the improvement will, in a measure, compensate for the dollars which he has lost through inflation. We think we must affirm the judgment of the trial court, and it is so ordered.

*Affirmed.*

RINER, J. and ILSLEY, J., concur.