Howabd T. Hogan, J.
Claimant is the owner of 5,664 square feet of property on the easterly side of Searingtown Road, Albertson, New York. This parcel is the remainder of a larger tract which he had sold in September, 1964 to a developer. At that time the claimant who was a grower of orchids arranged with the developer to convey the property at two different times of the year to permit him to dispose of his orchids. The contracts of sale provided that the developer would pay $12,500 per plot. The property yield was a total of 17 buildable plots which complied with the building zone ordinance of 8,500 square feet minimum. At the time the contracts of sale were executed the developer declined to purchase the 5,664 square feet because the county had advised both claimant and the developer that Searingtown Road was to be widened; that this part would be condemned. The title vested in the county some four years later, April 3,1968.
*406 Upon the trial claimant testified to the foregoing but called no other witness. He relied exclusively upon the contracts of sale to establish value. These were admitted into evidence over the petitioner’s objections on the grounds that these contracts may not have been an “ arm’s length ” transaction; that there was no opportunity to examine the purchaser; that these were of no probative value. With these contentions the court disagrees. Contracts of sale entered into in good faith are not only evidence of value, they are the value, at the time they are made. This is the law in New York State and in most jurisdictions. (Matter of City of New York [Hamilton Place], 67 Misc. 191, app. dsmd. 143 App. Div. 302, affd. 202 N. Y. 607; Andrews v. State of New York, 19 Misc 2d 217, affd. 11 A D 2d 599, affd. 9 N Y 2d 606, cert. den. 368 U. S. 929: See, also, 5 Nichols, Eminent Domain, § 21.5, p. 21-137; 19 N. Y. Jur., Eminent Domain, § 195.) The leading case in New York State (Matter of City of New York [Hamilton Place], supra), where some 17 months before the condemnation, the condemnee and a third party had agreed upon a price to be paid for the land, the court (p. 193) held that “ in the absence of any evidence tending to impeach the good faith of the transaction or show that the property was sacrificed, [the price] affords a fair indication of its value at the time the contract was made and should be considered in arriving at its value when taken”. (Headnote, p. 191, italics ours.) To the same effect it was held that “ ‘ evidence of the price fixed in a contract for the sale of the property taken, made in good faith, is admissible ’ ”. (Brush Hill Development v. Commonwealth, 338 Mass. 359, 365.) The underlying principle in all these cases is that contracts by knowledgeable men, made in good faith, do establish value in the market place at the time when made.
In this case, however, while claimant’s proof establishes market value in September, 1964 of the property it is limited to value on a buildable plot basis. Moreover, while this may mathematically be reduced to a square foot value, such value may only apply to a buildable plot. The subject property comprising 5,664 square feet was not a buildable plot. Hence, the price per square foot for a buildable plot does not equate with the square foot value of the property taken.
The only evidence before the court relating to market value of this nonconforming strip is that submitted by petitioner who found a “ nuisance ” value of $500 for land and $437 for landscaping and shrubbery. Accordingly, the court finds that the *407 damage to the subject parcel shall be measured in that context only.
It is clear that in September, 1964 the claimant was made aware of the impending or threatened condemnation. Both he and the developer were advised by someone in the county government that the subject property could not be used for development and that plans had been formulated to condemn it as evidenced by a map showing the proposed widening.
Without question this information to the condemnee and contract vendee had a value depressing effect. However, such oral advice from one of the bureaus of government, or the display of a proposed map showing an area to be acquired is in no way authoritative or controlling. It has not been shown that this was an official map or that it had been adopted. It is merely a manifestation of intent to condemn and may not be construed as a taking. It does not in the true sense constitute “ legal interference ”. (City of Buffalo v. Clement Co., 28 N Y 2d 241, 255; cf. City of Buffalo v. Irish Paper Co., 31 A D 2d 470; Niagara Frontier Bldg. Corp. v. State of New York, 33 A D 2d 130, affd. 28 N Y 2d 755.) Absent some affirmative acts on the part of the condemnor such as notice in writing or physical entry upon the property, the courts in this State hold that a de facto taking does not occur.
Nor do these acts in this case constitute “ Condemnation Blight ”. Oral notice and display of a map showing a proposed taking is not a taking in a constitutional sense. It is not infrequent that authorities vested with the power of eminent domain prepare maps well in advance of a proposed improvement. This is a necessary function of government. To constitute “ Condemnation Blight ’ ’ there must exist some evidence that competent authority having jurisdiction asserted control or threatened to condemn the property.
Unfortunately, for the condemnee there is nothing in this record upon which to predicate value other than a nuisance value. In all probability if he had retained the services of an engineer there could have been designed another buildable plot for all that was needed was an additional.2,900 sq. ft. from the total acreage. Had he then pursued this by making application for a building permit and if this were refused by reason of the threatened condemnation, that could constitute a de facto taking and compensation could be awarded on the basis of plots valued at $12,500 each. This he did not do but was content to rely on *408 the oral information and map shown him by someone in the county government.
Accordingly, the court is constrained to find as follows:
Damage Parcel No. 27
Land 5,664 square feet..................$500
Landscaping and Shrubbery............. 437
Total Award $950 (rounded).