◼ CONN REALTY CORPORATION, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 54421.) — Judgment unanimously modified, on the law and facts, in accordance with memorandum and as modified affirmed, without costs. Memorandum: In 1967 the State notified claimant that it was planning to appropriate for highway purposes a strip of claimant's property along the side of Route 54-A. Claimant determined that the proposed taking, when accomplished, would render its main freight terminal building practically unfit for its purpose; and so claimant proceeded to construct a new freight terminal building at an appropriate location on its acreage at this site. The new structure was completed and in use by claimant before the State finally filed its appropriation map on November 13, 1969, effecting a *de jure* taking. Since at that time claimant was no longer using its former freight terminal building for that purpose and was using its new building, the State contended before the trial court and contends before us that claimant suffered no consequential damage to its freight terminal building and adjacent truck repair shop by reason of the taking. In our opinion the trial court properly found that claimant was entitled to consequential damages to its freight terminal building and truck repair shop. The evidence was clear that the taking rendered the freight terminal building largely unfit for its purpose, and since it was a major part of claimant's business operation, it would have been folly for it to await the actual taking and be forced then to shut down its business while it thereafter constructed a new freight terminal building (see *Wilmot* v. *State of New York,*

32 N Y 2d 164, 168–169). The amount of such consequential damage to the old freight terminal building awarded by the court was midway between the estimates of the State's appraiser and the claimant's appraiser, and should be affirmed. However, the amount of the award for consequential damages to the adjacent truck repair shop appears to be excessive in view of the testimony of claimant's president that the operation of the shop was not affected by the appropriation except for increasing the difficulty of ingress to and egress from the shop. In light thereof we think that the functional depreciation of the shop, found by the court to be 40%, should be reduced to 20%, thereby reducing the consequential damage awarded for the shop by the sum of $17,848. The total award of $92,670 should, therefore, be reduced to the sum of $74,822. (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Witmer, J. P., Moule, Cardamone, Mahoney and Goldman, JJ.