■ Robert E. Faulkner, Appellant, et al., Claimant, v State of New York, Respondent. (Claim No. 83267.) [669 NYS2d 435] —Mercure, J. Appeal from a judgment of the Court of Claims (McNamara, J.), entered August 9, 1996, upon a decision of the court in favor of claimant Robert E. Faulkner.

Claimant Robert E. Faulkner (hereinafter claimant) is the owner of a corner lot at the intersection of Albany-Shaker Road and Troy-Schenectady Road in the Town of Colonie, Albany County. At all relevant times, the property was leased to claimant Capitaland Rent-a-Car, Inc. (not a party to this appeal) and used in the operation of a car rental business. In December 1990, the State appropriated a 4,971-square-foot strip along the Troy-Schenectady Road boundary and a temporary easement encumbering an additional 3,142 square feet of claimant's property. Claimants filed a claim for compensation in June 1991 and the matter came on for trial in December 1995. Ultimately, the Court of Claims rendered judgment awarding $73,900 for the permanent taking and $12,050 for the temporary easement, and claimant now appeals.

Initially, we reject the contention that the Court of Claims abused its discretion in receiving testimony and documentary evidence prepared by a State surveyor concerning the before-taking area of the property in the absence of a timely filing of the expert's report or application for an extension of time pursuant to 22 NYCRR 206.21 (b), (c) and (g). Claimants' filed appraisal, which indicated that the parcel was 22,018 square feet in area, was accompanied by a survey map of the parcel setting forth its perimeter courses and distances but failing to state the area encompassed. The State's filed appraisal fixed the before-taking size of the parcel at 19,700 square feet and contained no survey or other supporting documentation on the issue of area.

Thus, at the time of filing and exchange of the appraisals, claimants were on notice of a significant conflict in expert opinion concerning the actual before-taking size of the parcel and also of the fact that the State was not relying on a conflicting survey of the property. Nonetheless, claimants apparently took no steps to ensure the accuracy of its appraiser's estimate of the size of the parcel or to determine the actual area of the parcel, as depicted on its own survey map. At trial, the State's surveyor did not controvert the accuracy of claimants' survey; he merely presented evidence as to his calculation of the area of the parcel, based upon the courses and distances set forth on claimants' own survey.

Based upon the foregoing, we reject claimant's contention that the proffered evidence fell within the ambit of 22 NYCRR 206.21 (b) (5) or (c). Although surveyors certainly qualify as experts when offering opinion evidence within the area of their particular expertise, in this case no opinion evidence was offered. Rather, the State's surveyor did nothing more than make relatively simple mathematical calculations on the basis of data supplied by claimants. In addition, we agree with the State that claimants failed to preserve this issue for our consideration. Although raising an initial objection to the surveyor's testimony, following voir dire, claimants' counsel consented to the admission of the surveyor's deed plot showing the parcel to contain 18,895 square feet of land.

Second, we perceive no valid basis for claimant's contention that the Court of Claims erred in making its award. It must be remembered here that the computation and analysis of claimants' appraiser was largely based on the erroneous assumption that the property conformed to the applicable lot size requirement (20,000 square feet) prior to the appropriation but was rendered nonconforming by the taking. The elimination of that predicate severely undercut the rationale underlying claimants' appraisal with regard to both the before-taking value of the property and the issue of consequential damages. In that connection, claimants' appraiser testified that the difference between his before-taking value of $11 per square foot and after-taking value of $8 per square foot was attributable to the fact that the appropriation rendered the parcel nonconforming.

It having been established at trial that the parcel actually failed to conform to the minimum lot size requirement before the appropriation, it can be reasonably inferred from the testimony of claimants' appraiser that the $8 per square foot value applied in both cases. The Court of Claims made just that inference but, finding the State's comparables to be worthy

of greater weight than claimants' comparables, made an upward adjustment of $1 per square foot, fixing the value of the property, both before and after the taking, at $9 per square foot. Similarly, claimants' appraiser acknowledged that if the parcel was nonconforming prior to the taking, most of his claimed consequential damages would not have been sustained, thereby providing an adequate basis for the Court of Claims' finding in that regard.

Crew III, Yesawich Jr. and Peters, JJ., concur.

Mikoll, J. P. (dissenting). I respectfully dissent.

Central to the question of the value of the property of claimant Robert E. Faulkner (hereinafter claimant), both before and after the taking, was its size before the taking; specifically, whether it was at least 20,000 square feet and therefore in conformity with zoning requirements. Appraisal reports filed by the parties pursuant to 22 NYCRR 206.21 (b) revealed a discrepancy in the parties' positions as to the before-taking size of claimants' parcel. Claimants' appraisal indicated before-taking size of 22,018 square feet and the State's appraisal indicated 19,700 square feet. Claimant contended that after the taking of 4,971 square feet, his parcel was rendered nonconforming and his damages were measured accordingly. The State claimed that the parcel was already nonconforming at 19,700 square feet before the taking and its damages were calculated accordingly.

Under these circumstances, the value of the land was inextricably linked to its size before the taking. The testimony and calculations of the State's witness were clearly offered to establish that the parcel was nonconforming prior to the taking, and that its value was therefore less than claimant advanced. As such, the evidence, although in the form of mathematical calculations, was substantively relevant to the issue of value and as such fell within the purview of 22 NYCRR 206.21 (b). As the material was not filed in compliance therewith, and indeed was only prepared days before the trial, my view is that preclusion was in order pursuant to 22 NYCRR 206.21 (h) (see, Matter of Country Knolls Water Works [Hoffman], 229 AD2d 859, 860; Matter of Brooklyn Union Gas Co. v State Bd. of Equalization & Assessment, 118 AD2d 931, lv dismissed 68 NY2d 883; Matter of W. P. Props. Corp. v Tax Assessor of City of White Plains, 58 AD2d 871, affd 44 NY2d 971).

Moreover, I consider the Court of Claims' award of damages to be outside the range of values established at trial and not otherwise supported by evidence or adequately explained (see, Donaloio v State of New York, 99 AD2d 335, 338, affd 64 NY2d

811). Claimants' expert advanced a before-taking value of $11 per square foot and an after-taking value of $8; he acknowledged that his adjustments and calculations would be different absent the premise upon which they were based, i.e., that the parcel was conforming prior to the taking. The State's position was that the value was $9.25 per square foot both before and after the taking. The Court of Claims' value of $9 per square foot was based upon claimants' after-taking value and the State's value. Despite its rejection of the integral premise of claimants' calculations, and disregarding the expert's testimony that his calculations would be different in that event, the Court of Claims adopted his after-taking value and utilized it in establishing before-taking value. The court's only explanation for arriving at a figure of $9 per square foot was its general statement that the State's comparable sales should be accorded greater weight, without indicating any specific adjustments thereto.

For the foregoing reasons, I would reverse and order a new trial. Ordered that the judgment is affirmed, without costs.