■ In the Matter of COUNTY OF NASSAU, Respondent, v 408 REALTY CORP., Appellant. [725 NYS2d 95] —In a condemnation proceeding, the condemnee appeals, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Nassau County (Adams, J.), entered February 15, 2000, as, after a nonjury trial, awarded it only $20,000 for the fee taking.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly assessed the damages in this case. The general rule in New York is that a property condemned by the government is valued as of the date of its actual taking (*see, Wolfe v State of New York,* 22 NY2d 292). Where there is a partial taking of land, the court will generally measure damages by finding the difference between the fair market value of the whole before the taking and the fair market value of the remainder after the taking (*see, Acme Theatres v State of New York,* 26 NY2d 385, 388; *see also, Carillion Realty Corp. v State of New York,* 158 Misc 2d 810, *affd* 212 AD2d 660).

The condemnee bought the subject gasoline station in January 1986, and replaced its illegal underground tanks by March 1986. In the process of construction, it eliminated one of the property's two pump islands. The County condemned a strip of the claimant's land 4½ years later, on December 20, 1990. There is no merit to the claimant's assertion that the shadowy threat of this future condemnation forced it to reduce its business from two gasoline pump islands to one (*see, City of Buffalo v Clement Co.,* 28 NY2d 241; *Matter of County of Nassau [Searingtown Rd.],* 68 Misc 2d 405). This is not a case where the condemnee was justified in mitigating damages under threat of a certain and imminent appropriation (*cf., Wilmot v State,* 32 NY2d 164; *Matter of County of Schenectady [Pahl],*

194 AD2d 1004; *Conn Realty Corp. v State of New York,* 44 AD2d 892). In any event, the record does not support the condemnee's contention that the narrow strip of property actually taken by the County in December 1990 would have forced it to remove its second pump island. Ritter, J. P., Friedmann, McGinity and H. Miller, JJ., concur.