■ 90 FRONT STREET ASSOCIATES, LLC, et al., Appellants, v STATE OF NEW YORK, Respondent. [912 NYS2d 294]—

In a consolidated condemnation proceeding, the claimants appeal, on the ground of inadequacy, from a judgment of the Court of Claims (Lopez-Summa, J.), dated February 26, 2009, which, after a nonjury trial and upon a decision of the same court

dated October 7, 2008, is in favor of them and against the defendant in the principal sum of only $934,489.80.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, with costs, and the matter is remitted to the Court of Claims for a new trial in accordance herewith, and thereafter, for entry of an amended judgment.

As relevant to the appeal in this consolidated condemnation proceeding, the State of New York appropriated title to a parcel of real property located at 90 Front Street, Mineola. Prior to the appropriation by the State, this parcel, and the contiguous parcel located at 98 Front Street, were owned by the claimants, 90 Front Street Associates, LLC (hereinafter 90 Front), and 98 Front Street Associates, LLC (hereinafter 98 Front), respectively. These corporations were allegedly 100% owned by nonparties Clara Salvati, and her brother, Benjamin Silvestrone, the prior owners, as tenants in common, of the subject properties. After learning of the impending takings, 98 Front sold its property to nonparty Torsangie Properties, Ltd. (hereinafter Torsangie), on June 10, 2002. The State's taking of the fee interest in 90 Front Street vested on September 11, 2003. At the ensuing trial on the issue of condemnation damages, the Court of Claims determined that the claimants failed to establish unity of ownership and unity of use of the two parcels as of the date the taking vested and the claimants, therefore, failed to demonstrate the propriety of valuing the two parcels as a single economic unit. Accordingly, the Court of Claims rejected the claimants' appraisal of value and, concomitantly, their estimation of damages from the taking of title to 90 Front Street, which were based upon a highest and best use of the property as a vacant parcel unified with 98 Front Street and available for development. The Court of Claims awarded condemnation damages based upon the State's appraisal. The claimants appeal from the judgment on the ground that the award of damages incurred as a result of the taking of the fee interest in 90 Front Street was inadequate.

To establish the propriety of valuing two separate parcels of property as a single economic unit for the purpose of awarding condemnation damages, "the property owner must show that the subject parcels are contiguous, and that there is a unity of use and of ownership" (*Johnson v State of New York*, 10 AD3d 596, 597 [2004]; *see Matter of Town of Brookhaven v Gold*, 89 AD2d 963, 965 [1982]; *Erly Realty Dev. v State of New York*, 43 AD2d 301, 303-304 [1974]; *Guptill Holding Corp. v State of New York*, 20 AD2d 832 [1964]). "The general rule in New York is that a property condemned by the government is valued as of

the date of its actual taking" (*Matter of Nassau, County of v 408 Realty Corp.*, 283 AD2d 644, 644 [2001]; *see Matter of City of New York [Salvation Army]*, 43 NY2d 512, 518 [1978]). Here, it is undisputed that on the date the fee taking vested, 98 Front Street was owned by an entity unrelated to the claimants. Nevertheless, the Court of Appeals has held that where the sale of a portion of a claimant's property prior to the vesting of an appropriation by the State "was in time and substance so clearly referrable to the appropriation as to be incidental to and inseparable from it," the claimants' compensation is properly computed "as of the date of the appropriation based on the character of the property immediately before the appropriation and the appropriation-related sale" (*Wilmot v State of New York*, 32 NY2d 164, 169 [1973]). More expansively, the Court of Appeals reasoned that, while the claimants in the case before it could not collect consequential damages relating to the portion of the property they sold prior to the taking since they were no longer the owners of that property, the claimants should not be penalized for so mitigating their damages (*id.* at 168-169). Thus, the Court of Appeals concluded that the claimants' direct damages for the property taken were properly calculated on the basis of the highest and best use of the entire tract of land owned by the claimants prior to the appropriation-related sale (*id.*).

Similarly, in this case, the direct damages for the taking of 90 Front Street would be properly calculated based upon a highest and best use of the property as a vacant parcel unified with 98 Front Street if the claimants demonstrated, first, that the sale of 98 Front Street "was in time and substance so clearly referrable to the appropriation as to be incidental to and inseparable from it" (*id.* at 169) and, if so, that immediately prior to the appropriation-related sale, there was sufficient unity of ownership and unity of use of the two properties so as to permit their valuation as a single economic unit.

The claimants correctly point out that the propriety of valuing the two properties as a single economic unit was not contested by the State at trial. To the contrary, the State's appraiser "evaluate[d] 90 and 98 Front Street as a single (but divisible) 'larger parcel' " for the purpose of determining its highest and best use (but ultimately concluded that the properties had their highest and best use as separate parcels). Similarly, the State's expert engineer evaluated three potential plans for site development before the taking, all three of which made use of 90 and 98 Front Street as if they were a unified parcel. The State additionally failed to oppose a pretrial memorandum of

law in which the claimants argued in favor of unified valuation. As a consequence, the issue of whether the damages for the taking of 90 Front Street could have been properly calculated based upon a highest and best use of the property as unified with 98 Front Street was not a contested issue at trial.

Accordingly, under the circumstances of this case, and in consideration of "the paramount constitutional requirement of just compensation" (*Guptill Holding Corp. v State of New York*, 23 AD2d 434, 437 [1965]), we reverse the judgment, and remit the matter to the Court of Claims for a new trial limited to the issue of the direct damages incurred by the appropriation of the fee interest in the property located at 90 Front Street, in order to give the parties the opportunity to develop the factual record as to the relationship between the pending appropriation and the sale of 98 Front Street to Torsangie, and as to the unity of use and ownership of the two parcels prior to that sale (*see Guptill Holding Corp. v State of New York*, 20 AD2d at 833). Skelos, J.P., Eng, Belen and Hall, JJ., concur.