■ TEHAN'S CATALOG SHOWROOMS, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 117360.) (Appeal No. 1.) [987 NYS2d 920]—Appeal from a decision of the Court of Claims (Christopher J. McCarthy, J.), entered September 6, 2012. The decision determined that claimant is entitled to an award of damages.

Appeal from a judgment of the Court of Claims (Christopher J. McCarthy, J.), entered February 21, 2013. The judgment awarded damages to claimant.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Claimant commenced this action seeking damages for defendant's appropriation by condemnation of portions of two contiguous parcels of its property. Following a trial, the Court of Claims awarded damages to claimant in the amount of $43,314.53, plus interest. We affirm.

We reject claimant's contention that the court erred in denying its motion seeking an order "excluding [defendant's appraisal] from evidence" on the ground that it improperly valued the two parcels as a single economic unit without meeting the legal requirements therefor. "To establish the propriety of valuing two separate parcels of property as a single economic unit for the purpose of awarding condemnation damages, 'the [party] must show that the subject parcels are contiguous, and that

there is a unity of use and of ownership' " (*90 Front St. Assoc., LLC v State of New York*, 79 AD3d 708, 709 [2010]; *see Pedersen v State of New York*, 50 AD2d 1004, 1005 [1975], *lv denied* 39 NY2d 707 [1976]; *Erly Realty Dev. v State of New York*, 43 AD2d 301, 303-304 [1974], *lv denied* 34 NY2d 515 [1974]). Here, the record establishes that defendant "appraised each parcel separately, assigning a different highest and best use for each" (*Pedersen*, 50 AD2d at 1004). Thus, defendant did not treat the parcels as a single economic unit and, consequently, was not required to make a showing that the parcels were contiguous and had a unity of use and of ownership (*cf. Matter of Village of Port Chester [Bologna]*, 95 AD3d 895, 896 [2012], *lv denied* 20 NY3d 852 [2012]; *Pedersen*, 50 AD2d at 1004-1005).

Contrary to claimant's further contention, we conclude that it did not meet its "burden of proof . . . [of] establish[ing] indirect damages and [of] furnish[ing] a basis upon which a reasonable estimate of those damages [could] be made" (*Lerner Pavlick Realty v State of New York*, 98 AD3d 567, 568 [2012]; *see generally Rose Park Place, Inc. v State of New York*, 120 AD3d 8 [2014]). Claimant attempted to establish that, before the appropriation, the highest and best use of one of the parcels was retail use, but that such use would be prohibited by a local zoning ordinance after the appropriation because the parcel's parking area would be reduced. At trial, however, claimant failed to prove that there was sufficient parking for retail use of the parcel before the appropriation. Thus, claimant "failed to establish that it was 'reasonably probable that the asserted highest and best use could or would have been made of the subject property in the near future' " (*Kupiec v State of New York*, 45 AD3d 1416, 1417 [2007], quoting *Matter of City of New York [Rudnick]*, 25 NY2d 146, 149 [1969], *mot to amend remittitur granted* 26 NY2d 748 [1969]).

In light of our determination, we do not address claimant's remaining contention. Present—Smith, J.P., Centra, Carni, Whalen and DeJoseph, JJ.