Kermanshahchi v State of New York (2019 NY Slip Op 00103)





Kermanshahchi v State of New York


2019 NY Slip Op 00103


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-01821

[*1]Shirin Kermanshahchi, et al., appellants, 
v
State of New York, respondent. (Claim No. 116394)


E. Stewart Jones Hacker Murphy LLP, Troy, NY (Patrick L. Seely, Jr., of counsel), for appellants.
Letitia James, Attorney General, New York, NY (Steven C. Wu of counsel), for respondent.



DECISION & ORDER
In a consolidated claim to recover damages arising from a taking of certain real property, the claimants appeal from a judgment of the Court of Claims (Terry Jane Ruderman, J.), dated December 16, 2015. The judgment, upon a decision of the same court dated September 17, 2015, made after a trial, awarded the claimants the principal sum of $155,000.
ORDERED that the judgment is reversed, on the facts and in the exercise of discretion, with costs, and the matter is remitted to the Court of Claims for a new trial in accordance herewith, and thereafter, for the entry of an appropriate amended judgment.
Insofar as is relevant to this appeal, the State of New York appropriated title to a parcel of real property located in the Town of Montgomery, Orange County, identified in Map 243 as Parcel 266, consisting of approximately 8.529 acres. Prior to the appropriation by the State, the parcel was owned by the claimants. At the ensuing trial on the issue of condemnation damages, the Court of Claims, inter alia, allowed a landscape architect employed by the New York State Department of Transportation (hereinafter DOT) to testify regarding the creation of a map delineating possible wetlands on the subject property. The State's expert appraiser relied upon this map in determining the value of the appropriated parcel, and his valuation of the subject property was based upon the sales of properties that contained wetlands or had other "impediments." The court rejected the claimants' appraisal of value, which was based upon a highest and best use of the property as retail commercial, even though the property was zoned for only industrial use, and awarded condemnation damages based upon the State's appraisal. The claimants appeal on the ground that the court erred in admitting the testimony of the landscape architect and should have awarded condemnation damages based upon the claimants' appraisal.
The Court of Claims did not improvidently exercise its discretion in rejecting the valuation of the claimants' expert. The claimants' expert based his valuation of the subject property upon sales of properties that were in many ways dissimilar to the subject property. He failed to adjust his valuation to account for those differences, including the designation of the subject property as a historic landmark, which resulted in certain development restrictions on the entire property, the [*2]inability to develop acreage containing historic structures, costs associated with seeking approval of a variance to allow commercial development in an industrial zone, the presence of possible wetlands on the subject property that could constrain development of the property, the location of the comparable properties in commercial, rather than industrial zones, the imposition of certain restrictions because the property is located inside the Town of Montgomery Gateway Overlay District, and the absence of a traffic light at the intersection of the roads fronted by the property at the time of the taking (see Matter of Iroquois Gas Transmission Sys. [Eufemia], 227 AD2d 713, 714). Nonetheless, because the court improperly admitted expert testimony from the State's landscape architect, we reverse and remit the matter to the Court of Claims for a new trial.
22 NYCRR § 206.21 sets forth "special rules" of the Court of Claims that apply to appropriation claims. It provides, inter alia, that, "[w]ithin six months from the date of completion of filing and service of a claim in an appropriation case, the parties shall prepare and file with the clerk of the court an original and three copies of the appraisal of each appraiser whose testimony is intended to be relied upon at trial," as well as "an original and three copies" of the report of any expert, aside from a valuation expert, who "is intended to be relied upon at trial" (Rules of Ct of Claims [22 NYCRR] § 206.21[b], [d]). Pursuant to 22 NYCRR § 206.21(i), "[a]t the trial of a claim governed by this section, expert witnesses called by the parties shall be limited in their testimony to matters set forth in their respective appraisals or other reports. A party failing to file appraisals and other reports as provided in this section shall be precluded at trial from offering any expert proof."
Here, the State failed to provide the Court of Claims with a copy of the report prepared by the landscape architect as mandated by 22 NYCRR § 206.21(b) and (d). The State's contention that the landscape architect did not testify as an expert is belied by the trial record, in which the landscape architect provided expert opinion testimony with respect to the existence of wetlands on the subject property, even though no official designation of such wetlands had been made by the Army Corps of Engineers (cf. Faulkner v State of New York, 247 AD2d 798, 799). Consequently, the court improvidently exercised its discretion in admitting the testimony of the landscape architect, which provided the only basis for the State's appraiser's reliance on the unofficial DOT-prepared map delineating possible wetlands on the subject property (see Rules of Ct of Claims 22 NYCRR § 206.21[d], [i]).
Accordingly, under the circumstances of this case, "and in consideration of the paramount constitutional requirement of just compensation'" (90 Front St. Assoc., LLC v State of New York, 79 AD3d 708, 711, quoting Guptill Holding Corp. v State of New York, 23 AD2d 434, 437), we reverse the judgment, and remit the matter to the Court of Claims for a new trial limited to the issues of the existence, if any, of wetlands on the subject property and the bearing of any such wetlands on the subject property's valuation (see 90 Front St. Assoc., LLC v State of New York, 79 AD3d at 711) and an appropriate amended judgment thereafter. The court is directed that, at the new trial, expert testimony may be admitted only as provided under 22 NYCRR § 206.21. That section requires appraisal reports and other expert reports to be filed with the clerk of the court within six months from the date of completion of filing and service of a claim. However, we note that pursuant to 22 NYCRR § 206.21(h), the parties may move for relief from the requirements set forth in 22 NYCRR § 206.21, and the court has discretion to grant such motions.
MASTRO, J.P., SGROI, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court