**BISON PIPELINE, LLC,**
**Plaintiff–Appellant,**

v.

**102.84 ACRES OF LAND, MORE OR LESS, LOCATED IN CAMPBELL COUNTY, WYOMING;** Barlow **Ranch, LP, A Wyoming corporation, Defendants–Appellees.**

No. 11–8052.

United States Court of Appeals, Tenth Circuit.

Nov. 15, 2012.

Marcy Geoffrey Glenn, Esq., Holland & Hart LLP, Denver, CO, Isaac Nathan Sutphin, Holland & Hart LLP, Cheyenne, WY, Rachel A. Yates, Holland & Hart LLP, Greenwood Village, CO, for Plaintiff–Appellant.

Mistee Lyn Godwin, Esq., Dan B. Riggs, Amanda K. Roberts, Haultain E. Corbett, Lonabaugh & Riggs, LLP, Sheridan, WY, for Defendants–Appellees.

Before O'BRIEN, EBEL, and TYMOKOVICH, Circuit Judges.

## CERTIFICATION OF QUESTIONS OF STATE LAW

DAVID M. EBEL, Judge.

Pursuant to 10th Cir. R. 27.1 and Wyo. Stat. Ann. §§ 1–13–104 to –107, the United States Court of Appeals for the Tenth Circuit requests that the Wyoming Supreme Court exercise its discretion to consider important certified questions of Wyoming law "which may be determinative" of the cause pending before this court and "as to which it appears to [this] court there is no controlling precedent in the existing decisions of the supreme court." Wyo. Stat. Ann. § 1–13–106.

## The Questions

1. In a partial-takings case under Wyoming law, is just compensation cal-

culated using the "before and after" test (by taking the amount by which the fair market value of the entire property immediately before the taking exceeds the fair market value of the remainder immediately after the taking), or by using the greater of (1) the value of the property rights taken and (2) the amount yielded under the "before and after" test?

2. In a partial-takings case under Wyoming law, can the parties introduce comparable-easement evidence to establish just compensation?

3. Does Wyoming law permit a jury's award of just compensation to include initial and periodic payments and an inflation escalator?

## Procedural and Factual Background

The questions certified arise out of a condemnation proceeding, governed by Wyoming law, between Bison Pipeline, a natural gas company, and Barlow Ranch, a Wyoming landowner. Bison initiated the action when the parties reached an impasse over compensation for easements condemned by Bison for the construction and operation of a pipeline across Barlow Ranch.

The central issue before the district court was whether Wyoming law required the jury to calculate "just compensation" using (1) the "before-and-after" test, which nets the fair market value of the entire property before the taking and the remain-

der of the property after the taking, or (2) the greater of (a) the value of the easements taken, with reference to comparable lease and easement contracts between landowners, including Barlow, and other pipeline companies, and (b) the amount yielded under the before-and-after test. The district court adopted the latter view, utilizing the greater of the two valuation methods, and it permitted Barlow to introduce comparable-easement evidence portending significantly larger just compensation than dictated by the before-and-after test. The court also allowed the jury to award Barlow an initial lump-sum payment, plus annual payments and an inflation escalator.

## Reasons for Certification

Both parties cite cases from the Wyoming Supreme Court and provisions of the Wyoming Eminent Domain Act, Wyo. Stat. Ann. §§ 1–26–701 to –714 (the "Act"), that appear to support their positions.[1] We seek this Court's guidance in reconciling the ambiguities they identify, illustrated briefly below.

### A. Whether Wyoming exclusively requires a "before-and-after" valuation for a partial takings case

In support of its position that Wyoming law limits the measurement of compensation for a partial taking to the before-and-after test, Bison relies most heavily on *Mayland v. Flitner*, 28 P.3d 838, 851–52 (Wyo.2001). *Mayland* examined the partial-takings compensation formula set out in Wyo. Stat. Ann. § 1–26–702(b).[2] It de-

---

1. Several Amici Curiae filed briefs in this case, and they argue from the same authorities. Interstate Natural Gas Association of America filed a brief in support of Bison Pipeline, LLC. Progressive Pathways, LLC and The Wyoming Stock Growers Association filed briefs in support of Barlow Ranch, LP.

2. That provision states, "(b) If there is a partial taking of property, the measure of compensation is the greater of the value of the property rights taken or the amount by which the fair market value of the entire property immediately before the taking exceeds the fair market value of the remainder immediately after the taking." Wyo. Stat. Ann. § 1–26–702(b).

termined that "the value of the property rights taken" will always be reflected in a properly conducted before-and-after valuation, and therefore "just compensation" should be "measured by the difference between the fair market value of the property before the taking and of the remainder after the taking." *Id.* at 851–52.

Barlow counters that the Wyoming Supreme Court has repeatedly recognized that § 1–26–702(b) does not constrain the calculation of just compensation for partial takings exclusively to the before-and-after test; rather, the greater of the before-and-after valuation or the value of the property taken is to be used. *See, e.g., L.U. Sheep Co. v. Bd. of Cnty. Comm'rs*, 790 P.2d 663, 669–70 (Wyo.1990); *Wyo. Res. Corp. v. T-Chair Land Co.*, 49 P.3d 999, 1002 n. 2 (Wyo.2002) ("[The condemnee in] a partial taking is entitled to prove not only the ['before-and-after' test], but he also is entitled to prove the value of the property rights taken. The measure of compensation is the greater of those alternative amounts.").

### B. Whether Wyoming law permits comparable-easement evidence in a partial-takings case

Bison argues that Wyo. Stat. Ann. § 1–26–704(a), which authorizes fair-market-value determinations based on "[t]he price paid for other comparable easements or leases of comparable type, size and location on the same or similar property," does not apply to partial takings. *See* Wyo. Stat. Ann. § 1–26–702(a) ("*Except as provided for in subsection (b) of this section* [addressing partial takings], the measure of compensation for a taking of property is its fair market value determined under W.S. 1–26–704 as of the date of valuation." (emphasis added)).

In response, Barlow points out that Wyo. Stat. Ann. § 1–26–704(a) could not exclude partial takings, because, for example, "[p]rices paid for comparable easements or leases would have no bearing on a whole takings case." Aplt. Br. at 17; *cf.* Model Eminent Domain Code § 1002; *L.U. Sheep*, 790 P.2d at 671–72 (acknowledging Wyoming Act was based on Model Code).

### C. Whether Wyoming law permits jury awards including annual payments and inflation escalators

Bison claims that Wyoming law permits only the court (and not the jury) to award installment payments, and that inflation escalators are never permissible. *See* Wyo. Stat. Ann. § 1–26–514(b) ("The court in determining due compensation may authorize a lump-sum payment or an annual installment or amortization payment...."); *see also* Wyo. R. Civ. P. 71.1(i)(3) (withholding official recognition of the taking until due proof "that such compensation ... [has] been paid to the parties entitled to same").

Barlow contends that the alternative valuation methods permitted under Wyo. Stat. Ann. §§ 1–26–702 and –704 predicate awards that reflect the value of the taking, which in the case of pipeline easements includes annual payments and inflation adjustments.

### Related Cases

The Wyoming Supreme Court has pending before it cross appeals arising out of *Greencore Pipeline Co. v. Barlow Ranch, LP*, No. 31771 (Campbell Cty., Wyo. Dist. Ct.), which address some similar issues. In one appeal, Plaintiff–Appellant Greencore urges this Court to clarify that Wyoming "only allows just compensation for a partial taking to be determined by the fair market value of the entire property before and after the taking, and therefore evidence of comparable easements cannot be considered in a partial taking." Aplt. Br.

at 22, *Greencore Pipeline Co. v. Barlow Ranch, LP,* No. S–12–0039 (2012). In its cross appeal, Appellant Barlow argues that the district court erred when it "concluded that annual payments for a condemned easement are not permissible under Wyoming law." Aplt. Br. at 33, *Barlow Ranch, LP v. Greencore Pipeline Co.,* No. S–12–0038 (2012).[3]

### Request for guidance

How to reconcile the cases and statutes the parties invoke is what gives rise to the ambiguity in this litigation. We conclude that it is better practice to certify the above important and determinative questions to the Wyoming Supreme Court than to determine on our own what that Court would likely do under the circumstances. In its discretion, that Court may answer the questions pursuant to Wyo. R.App. P. 11.01.

The clerk of this court is directed to transmit a copy of this certification order to counsel for all parties to the proceedings in this court. The clerk shall also submit to the Wyoming Supreme Court a certified copy of this order, together with copies of the briefs filed in this court, copies of the district court's judgment, and a copy of the record as filed in this court. We greatly appreciate the consideration of this request.

Payment of the docketing fee shall be borne by the party seeking certification, Bison Pipeline, LLC.

---

**3.** The *Barlow* cross appeal does not appear to require the Wyoming Supreme Court to reach whether Wyoming law allows a jury to apply an inflation escalator to a periodic-payment award.